**Fred D. KOONCE, et ux., Appellants,**

v.

**UNION ELECTRIC COMPANY,
et al., Respondents.**

**No. 60297.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 28, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 27, 1992.

Application to Transfer Denied
July 21, 1992.

Richard E. Schwartz, James E. Parrot, St. Louis, for appellants.

Thomas J. Plunkert, Nancy Vincent–Shelton, Robbye Hill Toft, St. Louis, for respondents.

CRIST, Judge.

Plaintiffs appeal from the April 29, 1991 order of the trial court dismissing their action for failure to prosecute. In addition, Plaintiffs appeal interlocutory orders striking their experts, denying their motion to strike one of Union Electric's experts, quashing a deposition, denying a motion to

continue to the trial setting, and denying a motion to dismiss without prejudice.

As best as can be determined from the record, the relevant sequence of events are as follows:

February 9, 1982—Plaintiff falls.

August, 1982—Plaintiffs file their petition against Union Electric.

February 14, 1984—leave is granted to Union Electric to file a third-party petition against Donald Feger d/b/a Apollo Sanitary Rental.

March 1985—case goes to trial with Plaintiff et ux. suing only Union Electric. Donald Feger is a third-party defendant. The court directs a verdict in favor of Union Electric.

June 30, 1986—Missouri Court of Appeals reverses the trial court and remands for a new trial. *Koonce v. Union Elec.*, 715 S.W.2d 19 (Mo.App.1986).

December 1986—Plaintiffs file an amended petition attempting to join Apollo Sanitary Rentals as a defendant.

January 1987—trial court strikes the proposed amended petition of Plaintiffs. Plaintiffs dismiss their cause of action against Union Electric without prejudice. Plaintiffs file their second action. Summons is ordered to issue to Apollo Sanitary Rentals in Plaintiffs' new lawsuit.

July 2, 1987—court orders all discovery in the original lawsuit can be used against Union Electric. Only that discovery conducted while Defendant Feger was a party to the old lawsuit could be used against Defendant Feger in the new lawsuit and then only to the extent it could have been used in the old lawsuit.

May 10, 1990—trial court removes Plaintiffs' case from the dismissal docket and orders the case set for trial on January 7, 1991 (later changed to January 21, 1991). A discovery schedule is ordered by the court requiring Plaintiffs to have all expert witnesses available for depositions by the 1st day of October, 1990.

July 1990—Union Electric files motion to compel.

August 27, 1990—Union Electric sends out notices of depositions for Plaintiffs'

expert witnesses. Depositions are not held. Witnesses are not produced.

September 1990—Plaintiffs obtain a continuance requiring Plaintiffs to have all expert witnesses available for deposition prior to January 11, 1991.

October 1, 1990—Plaintiffs' expert witnesses not made available for depositions. Plaintiffs filed their Second Amended Petition.

December 1990—after motion for protective Order by Defendant, trial court orders trial set for April 29, 1991 and requires Plaintiffs have all experts available for depositions prior to January 11, 1991. Defendant Union Electric sends out notices to depose six of Plaintiffs' expert witnesses on or before January 11, 1991.

January 11, 1991—Plaintiffs have produced no expert for deposition pursuant to the court's orders or pursuant to Defendant's August 27, 1990 or December 19, 1990 notices.

February 11, 1991—trial court strikes Plaintiffs' expert witnesses, except for Dr. Levy.

March 7, 1991—Plaintiffs send notice for Union Electric to produce Morgan Doyne for deposition on April 9, 1991. Union Electric soon thereafter notifies all parties it is unable to produce Morgan Doyne for this deposition.

April 9, 1991—Plaintiffs depose Morgan Doyne pursuant to a subpoena duces tecum which was not served on any other party as required by Missouri Supreme Court Rule 57.03(b)(1).

April 15, 1991—Defendants file Motion to Quash the deposition of Morgan Doyne.

April 23, 1991—Judge quashes for Plaintiffs' failure to comply. Judge denies Plaintiffs' Motion to Continue. Judge denies Plaintiffs' Motion to Dismiss Without Prejudice.

April 29, 1991—trial judge denies Plaintiffs' Motion to Continue. Plaintiffs' cause of action against Union Electric and Defendant Feger d/b/a Apollo Sanitary Rentals is dismissed with prejudice for failure to prosecute.

■ Plaintiffs first complain the trial court abused its discretion in dismissing Plaintiffs' cause of action for failure to prosecute. A court has the inherent right and power to dismiss an action for failure to prosecute. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448 [1] (Mo.banc 1976). The trial court's discretion is presumed correct and will be reversed only if the Plaintiff carried the burden of establishing the court's ruling was clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration *Id.* [2]. Plaintiffs have not carried that burden. The case had been tried five years earlier, appealed, remanded, dismissed, refiled, placed on the dismissal docket and set for trial three different times. Plaintiffs' lawyer was ordered twice to produce his expert witnesses and failed to produce any within the times ordered by the court. Finally, more than nine years after the cause of action arose, he stated that he could not commence trial. Plaintiffs had a reasonable opportunity to bring the matter to trial. *State ex rel. Mo. Hwy. & Transp. v. McCann*, 685 S.W.2d 880, 885–886 [7–10] (Mo.App.1984). Point denied.

■ For their second point, Plaintiffs assert the trial court abused its discretion in striking several of Plaintiffs' expert witnesses and refusing to bar one of Defendant's experts. The trial court did not err because it was the Plaintiffs who unjustifiably failed to comply with two pre-trial orders directing production of the stricken experts. Such failures, combined with the fact the case had been tried once five years earlier, appealed, remanded, dismissed and refiled, manifested contumacious and deliberate disregard for the trial court's authority. Plaintiffs' statements concerning their attempts to produce were too little and too late to avoid the apparent contumacious conduct. *Smithey v. Davis*, 752 S.W.2d 486, 488 [1–3] (Mo.App.1988); and *see Amick v. Horton*, 689 S.W.2d 369, 377 [3] (Mo.App.1985).

■ Neither did the trial court err in striking the deposition of Morgan Doyne where Plaintiffs intentionally failed to com-

ply with Rule 57.03(b)(1) by not attaching or including in the notice designation of materials to be produced by Doyne. Further, Plaintiffs in no way notified Defendants of the subpoena duces tecum, but had merely noticed Defendants to produce Doyne, which they could not do as he was no longer in Defendant's employ. The trial court and Defendants were not obligated to indulge such disregard for discovery rules. *See Amick*, 689 S.W.2d at 377[2].

■ Plaintiffs also complain of error in the denial of their request for continuance. The decision whether to grant continuance rests largely in the discretion of the trial court, and every intendment is in favor of the trial court's ruling. *Eaglebruger v. Emerson Electric Co.*, 794 S.W.2d 210, 239 [24] (Mo.App.1990). In light of the foregoing sequence of events, the trial court did not abuse its discretion in proceeding to trial. *Id.* [25].

In short, the trial court should not be held responsible for abuse of discretion caused by Plaintiffs' inattentiveness.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.