**COMMERCE BANK N.A., f/k/a Commerce Bank of Kansas City N.A., a banking corporation, Respondent,**

v.

**Donna J. FRY and Danny C. Fry, Appellants.**

No. 22190.

Missouri Court of Appeals, Southern District, Division One.

Jan. 13, 1999.

Wayne Gifford, Waynesville, for appellants.

John P. Lavey, Scott D. Levine, Newman, Freyman & Klein, P.C., St. Louis, for respondent.

CROW, Judge.

Defendants, Donna J. Fry and Danny C. Fry, appeal from a money judgment against them in favor of Plaintiff, Commerce Bank N.A. Defendants' sole point relied on avers the trial court lost jurisdiction of the action prior to entering the judgment. Defendants' contention requires a chronological account of the significant events during the case's tortile march through the trial court.

December 12, 1996. Plaintiff files petition. Case set for trial January 22, 1997.

January 22, 1997. Handwritten memorandum filed; it states, *inter alia:*

"Plaintiff does not appear. Defendants appear by counsel. Cause dismissed, without prejudice at Plaintiff's costs."

Beneath the above-quoted handwriting is an illegible signature, inferably that of Wayne Gifford, a lawyer.[1]

At the foot of the memorandum appear the printed words: "So Ordered." Those words are followed by illegible handwritten initials. This court divines from other documents in the record that the initials are those of Honorable Tracy L. Storie, an associate circuit judge of the Circuit Court of Pulaski County.

February 3, 1997. Plaintiff files "Motion to Set Aside Dismissal." It avers, *inter alia:*

"Due to a miscommunication between the Plaintiff's attorney and local counsel, an appearance was inadvertently not entered."

Attached to the motion is a certificate of Plaintiff's counsel reciting that a copy of the motion was mailed to Defendants January 30, 1997. The motion is accompanied by a notice that Plaintiff shall call the motion up for hearing February 19, 1997. Attached to the notice is a certificate of Plaintiff's counsel reciting that a copy of the notice was mailed to Defendants January 30, 1997.

February 19, 1997. Handwritten memorandum filed; it states, *inter alia:* "Plaintiff Motion To Set Aside Dismissal is granted." Memorandum bears handwritten initials, inferably "TLS."

April 16, 1997. Typewritten docket entry stating, *inter alia:* "Judge Storie Disqualifies. TLS Judge[.]"

May 30, 1997. Presiding Judge assigns case to Honorable Mary W. Sheffield.[2]

July 16, 1997. Defendants, by lawyer Gifford, file handwritten memorandum averring:

"Come now Defendants, by counsel, and moves [sic] the court to dismiss the above entitled cause as Defendants were represented by counsel and no notices, motions, discovery, or otherwise were served on counsel for Defendants and, therefore, any orders reinstating the cause were without jurisdiction by the Court as no proper service/notice was given to Defendants. Further, as no trial de novo was filed within 10 days after the dismissal, this Court is without jurisdiction as the Motion to Set Aside was not heard within 10 days."

At the foot of the memorandum appear the printed words: "So Ordered." Following those words is more handwriting, evidently penned by someone other than lawyer Gifford. That handwriting states:

"Court sustains [Defendants'] Motion to Dismiss for lack of notice and Court places [Plaintiff's] Motion to Set Aside Dismissal and Notice of Hearing on July 22, 1997 [at] 1:30 P.M. Court [at] request of defendant [sic] sets aside Judge Stories Order Setting Aside the Dismissal as Mr. Gifford

---

1. The signature is similar to the signature on Defendants' brief filed in this court by lawyer Gifford.

2. This assignment came after the case had been assigned, in turn, to three other judges, each of whom recused.

was not notified by [Plaintiff]. Kelly Walker appears for [Plaintiff]. All parties notified of hearing in person.... "

No signature or initials appear at the end of the above-quoted handwriting. However, the docket sheet displays a typewritten version of the above-quoted handwriting. The typewritten version is followed by a typewritten notation: "MWS Judge."

August 18, 1997. Handwritten memorandum filed. It is *dated* July 22, 1997, and states, *inter alia:*

"Both parties appear by counsel, on motion of Plaintiff, Motion to Set Aside Dismissal is sustained and case is ordered reinstated to trial docket. Discovery is to be completed by October 1, 1997. Case is to be set for trial, by phone, at 8:30 a.m., Wednesday, October 8, 1997."

At the foot of the memorandum appear the printed words: "So Ordered." Following those words are the handwritten digits "8–15–97" and a signature appearing to be that of Judge Sheffield.[3]

October 6, 1997. Defendants file "Motion to Dismiss for Lack of Jurisdiction." It avers, *inter alia:*

"1. That on July 16, 1997, the above entitled cause was dismissed by the Court.

2. That on August 18, 1997, the Court purported to set aside said dismissal.

3. That Rule 75.01 states that the trial court has control over judgment for 30 days.

4. That the order purporting to set aside the dismissal was more than 30 days after the dismissal and that, therefore, the Court lost jurisdiction over the matter."

October 10, 1997. Order bearing signature appearing to be that of Judge Sheffield filed. Order states, *inter alia:*

"Defendant's [sic] Motion to Dismiss for Lack of Jurisdiction called and heard. Motion overruled pursuant to Civil Rule 74.06."

Plaintiff subsequently filed a motion for summary judgment. The trial court granted it and, on December 1, 1997, entered the judgment from which Defendants bring this appeal.

Defendants' point relied on proclaims:

"[Defendants'] Motion to Dismiss [for Lack of Jurisdiction] should have been sustained as, under Rule 75.01, the trial court only retains jurisdiction over a judgment for 30 days and the order dismissing the case was entered on July 16, 1997, and the order purportedly setting aside the dismissal was entered on August 18, 1997, obviously more than 30 days after the dismissal and, therefore, the discovery propounded ... while the case was dismissed was a nullity and the [judgment] entered on December 1, 1997, was beyond the jurisdiction of the court and void."

Adjudicating Defendants' claim of error begins by determining the effect of the handwritten memorandum filed January 22, 1997 (quoted earlier). As we have seen, it purported to dismiss this action.

The version of Rule 74.01(a) appearing in Missouri Rules of Civil Procedure (1996) took effect January 1, 1995, and was in force when the memorandum of January 22, 1997, was filed. That version of Rule 74.01(a) read, in pertinent part:

"A judgment is entered when a writing signed by the judge and denominated 'judgment' is filed."

In *Lowery v. Air Support International, Inc.,* 971 S.W.2d 323, 324 (Mo.App. S.D.1998), this court, in discussing that version of Rule 74.01(a), explained:

"Rule 74.01(a) ... provides that a judgment is entered when: (1) a writing, (2) signed by the judge, (3) denominated 'judgment' (4) is filed."

In *Lowery,* the trial court undertook to grant a motion by the defendant to dismiss the plaintiff's petition. The trial court's rul-

---

**3.** It is inferable from the memorandum filed August 18, 1997, that the rulings set forth in it were announced by Judge Sheffield on July 22, 1997, but Judge Sheffield did not sign the memorandum until August 15, 1997. The reason for the three-day delay between the signing of the mem-

orandum and its filing may be that Judge Sheffield is an associate circuit judge in Phelps County, whereas the case was pending in Pulaski County. The memorandum may have been in the mail between those counties during the three-day hiatus.

ing was set forth in a docket entry and in a facsimile transmission to the court clerk. Neither document satisfied all four requirements of Rule 74.01(a). This court held:

> "Where, as here, a trial court undertakes to dismiss a petition for failure to state a claim upon which relief can be granted, the court's order must meet the requirements of Rule 74.01(a) for a judgment. *Chambers v. Easter Fence Co., Inc.*, 943 S.W.2d 863, 865–66 (Mo.App. E.D.1997)."

971 S.W.2d at 324.

In the instant case, the handwritten memorandum filed January 22, 1997, purported to dismiss this action because Plaintiff did not appear for trial that date. However, the memorandum is not denominated a judgment and the term "judgment" appears nowhere in it. Consistent with *Lowery* and *Chambers*, this court holds the memorandum filed January 22, 1997, did not dismiss this action.

Consequently, this action was still pending on February 3, 1997, when Plaintiff filed its "Motion to Set Aside Dismissal." The memorandum filed February 19, 1997, ostensibly granting that motion, was a meaningless act, as there was no dismissal to set aside.

As this court comprehends the handwritten memorandum filed July 16, 1997, the trial court undertook to set aside the ruling of February 19, 1997. This court infers the trial court's goal was to resurrect the supposed dismissal of this action that ostensibly occurred January 22, 1997. Additionally, the trial court apparently intended to give Plaintiff a new opportunity to challenge that purported dismissal, as the trial court set a hearing on Plaintiff's "Motion to Set Aside Dismissal" for July 22, 1997.

As we have seen, the trial court evidently decided on July 22, 1997, to grant Plaintiff's "Motion to Set Aside Dismissal," as that decision is reflected in the handwritten mem-

orandum filed August 18, 1997 (quoted earlier).

The theory of Defendants' claim of error in this appeal, as this court grasps it, is that (a) this action was dismissed by the memorandum filed July 16, 1997, and (b) the trial court's subsequent ruling—manifested in the memorandum filed August 18, 1997—granting Plaintiff's "Motion to Set Aside Dismissal" and reinstating this action to the trial docket, was a nullity in that the ruling occurred more than thirty days after the July 16, 1997, dismissal.

The flaw in Defendants' theory is that the memorandum filed July 16, 1997, like the earlier memorandum filed January 22, 1997, did not dismiss this action. The memorandum filed July 16, 1997, is not denominated a judgment and the term "judgment" appears nowhere in it. Furthermore, the memorandum filed July 16, 1997, is not signed by Judge Sheffield.[4]

It follows that this action was never dismissed by the trial court, hence the trial court's ruling in the memorandum filed August 18, 1997, purporting to grant Plaintiff's "Motion to Set Aside Dismissal," was a meaningless act, as there was no dismissal to set aside.

This court holds this action was pending December 1, 1997, when the trial court entered the judgment referred to in the first sentence of this opinion. Defendants' point relied on is denied, and the judgment is affirmed.

PREWITT, P.J., and PARRISH, J., concur.

---

4. In *Kessinger v. Kessinger*, 935 S.W.2d 347, 349[1] (Mo.App. S.D.1996), this court held the judge's handwritten initials at the end of a docket entry satisfied the "signed by the judge" requirement of Rule 74.01(a). However, in the instant case there are no initials at the end of the handwritten memorandum filed July 16, 1997, and the initials "MWS" at the end of the typewritten version of that memorandum on the docket sheet are typed, not handwritten.