Mary L. DAVIS, Appellant,

v.

DEPARTMENT OF SOCIAL SER-VICES DIVISION OF CHILD SUP-PORT ENFORCEMENT and Kent B. Davis, Respondents.

No. WD 57040.

Missouri Court of Appeals, Western District.

April 4, 2000.

Ralph G. Gore, Independence, for appellant.

Lawrence D. Love, Independence, for respondent.

Before: Presiding Judge SPINDEN, Judge LOWENSTEIN and Judge ULRICH.

HAROLD L. LOWENSTEIN, Judge.

This appeal comes from an administrative decision as to the amount of arrearage of child support. The agency determined the custodial parent had "waived by acquiescence" a good portion of court ordered support. The custodial parent filed for judicial review in circuit court. The petition was dismissed for want of prosecution, then reinstated. However, the court later found the dismissal was final, was never properly reinstated, and dismissed the petition for lack of jurisdiction.

## I.

On July 27, 1990, the marriage of Appellant Mary L. Davis (Mother) and Respondent Kent B. Davis (Father) was dissolved by judgment of the Circuit Court of Jackson County. Father was ordered to pay to Mother child support for the couple's two children.

On November 20, 1996, subsequent to an Order that awarded Mother back child support and a later modification of that Order after an administrative hearing requested by Father, Mother filed a petition for judicial review in the Circuit Court of Jackson County. On January 2, 1998,[1] the petition was dismissed for want of prosecution. Mother filed a motion to set aside the order of dismissal on February 2. On August 11, the court entered an "Order Setting Aside Dismissal," after which time the case was again on the court's active docket. However, on December 21, the circuit court issued an order finding it had no jurisdiction for the pending matter, that the August 11 order was a nullity and removed the matter from the court's in-

ventory. The court found that jurisdiction of the matter was lost thirty days after the date of dismissal entered on January 2. Therefore, the order setting aside the dismissal was out of time and invalid.

On January 12, 1999, the Division filed a "Motion to Approve and to Adopt Administrative Order as Judgment of the Court." In that motion, the Division requested as follows, "[I]nasmuch as there is no longer a proceeding pending seeking to review the administrative order, Respondent prays that the court enter its order approving the administrative order and adopting it as the judgment of the court." On February 16, 1999, the court entered judgment which adopted the decision of the administrative hearing officer, granting Mother $845 in child support. Mother appealed that decision to this court on March 22, 1999.

For ease in understanding the procedural posture of this appeal, an abbreviated time line follows.

1990–July Dissolution. $145 per child for 2 children was ordered after Mother said she needed no support.

1995–October Mother called Father and said she now needs support. He said he could not pay. Administrative action was filed with Div. of Child Support Enforcement.

1996–February Hearing before agency determined Father owed $18,825 in back support and payment schedule set up. Father sought agency review.

1996–August 30 After hearing on Father's motion, Department of Social Services determined arrearage amount was $845 since Mother did not pursue past support, and since the time she did request it, the child support amounted to $845.

**1.** All further date references will be to the year 1998, unless otherwise indicated.

1996–November Mother filed for judicial review in circuit court.

1998–January 2 Circuit court dismissed Mother's review for want of prosecution.

1998–February 2 Mother filed motion to set aside dismissal.

1998–May 20 By docket entry, court sustained Mother's motion to set aside.

1998–August 11 Order to reinstate review entered. Hearing date set.

1998–December 21 At hearing on Mother's review, court found it lacked jurisdiction to reach merits since it lost jurisdiction either thirty days after the January 2 dismissal, or in early April (before the May 20 action). May 20 entry declared a nullity.

1999–January 12 Respondent, Division filed motion in circuit court to approve, under § 454.496.6, RSMo. 1994, the 1996 Administrative Order.

1999–February 16 The August 30, 1996, Administrative Order was adopted as a judgment of the court. Mother then timely filed this appeal.

## II.

Appeal from a court-tried civil case is governed by the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). By that standard, this court will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32.

## III.

Mother's first point on appeal is that the trial court erred in its December 21 order declaring void its August 11 set aside of the dismissal of her action. The court's December 21 order declared the set aside a nullity because the court believed it lost jurisdiction of the matter thirty days after its January 2 dismissal. If the court had in fact lost jurisdiction, then the August 11 set aside of the dismissal was an invalid action. The trial court apparently believed Rule 75.01 to be applicable. Under that rule, the trial court only retains jurisdiction over a matter for thirty days after entry of judgment. Mother contends this was error because she filed her motion to set aside under Rule 74.06, which can be made within a year of a court's judgment, notwithstanding Rule 75.01.

■ The first problem which arises in this procedural maze is that both the trial court, in its December 21 order, and Mother, in her motion to set aside the dismissal, proceed as if the January 2 dismissal of Mother's action was a final judgment of the court. In its December 21 order, the court contends it lost jurisdiction over the matter thirty days after the date of dismissal, January 2. However, the thirty-day rule in 75.01 determines when a *judgment* becomes final. Additionally, Mother relies on Rule 74.06 which deals with motions following a *final judgment.* The problem with both analysis is that the January 2 dismissal was not a final judgment of the trial court.

■ As noted above, Mother filed for judicial review in the Circuit Court of Jackson County on November 20, 1996. The court dismissed that appeal for want of prosecution on January 2. The court's January 2 order of dismissal is denominated an "Order" and results in Mother's case being "dismissed...without prejudice." However, a "dismissal without prejudice is not a final judgment." *Vernor v. Missouri Bd. of Probation and Parole,* 934 S.W.2d 13, 14 (Mo.App.1996). Additionally, an order of the court must be denominated a "judgment" to be considered final. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo.1997). The January 2 dismissal was not a final judgment as it was a dismissal without prejudice and was denominated an "order". Therefore, both Rule 75.01 and

Rule 74.06 are inapplicable to Mother's February 2, 1998, motion to set aside that dismissal.

 After determining the January 2 order of dismissal was not a final judgment, as apparently the parties and the trial court at one time believed, the effect of that order must be determined. The facts of this case are extremely similar to those in *Commerce Bank N.A. v. Fry*, 983 S.W.2d 221 (Mo.App.1999). In that case, the plaintiff did not appear on the trial date and the judge signed a handwritten memorandum which read, "Plaintiff does not appear...Cause dismissed, without prejudice...." On February 3, 1997, plaintiff filed a motion to set aside the dismissal. The court granted plaintiff's motion to set aside on February 19, 1997. On July 16, 1997, the court, upon motion of defendant, dismissed the case but set the motion to set aside for hearing. Again, on August 18, 1997, after hearing, the court granted plaintiff's motion to set aside and reinstated the case to the trial docket. Defendant then brought a motion to dismiss for lack of jurisdiction which was overruled by the court. Subsequently, plaintiff filed a motion for summary judgment which was granted by the court on December 1, 1997. Defendant appealed the grant of summary judgment to the Southern District Court of Appeals, claiming the judgment entered on December 1 was a nullity because the court lost jurisdiction of the cause thirty days after the July 16 order of dismissal.

On appeal, the Southern District first examined the effect of the January 22 order of dismissal entered by the trial court. The factual pattern in *Commerce Bank* is nearly identical to that involved here. There the January 22 order of dismissal was not a final judgment and "did not dismiss [the] action." *Id.* at 224. Therefore, the action "was still pending" subsequent to the non-final order of dismissal. *Id.* The court went on to hold that both the February 19 and August 18 orders setting aside the dismissal were "meaningless act[s]." *Id.* This was so be-cause "there was no dismissal to set aside." *Id.* As a result, the action was "pending" when the court granted summary judgment in plaintiff's favor on December 1. *Id.*

Applying the *Commerce Bank* analysis to the facts of this case reveals the effect of the January 2 order of dismissal as well as subsequent orders of the court. Here, as in *Commerce Bank*, the order of dismissal was not a final judgment. Therefore, that order "did not dismiss [the] action." *Id.* As explained above, the court did not lose jurisdiction over the matter subsequent to the January 2 order of dismissal. What then, of the August 11 order of the court setting aside the dismissal? By the *Commerce Bank* analysis, that order was a "meaningless act, as there was no dismissal to set aside." *Id.* The court's next action was the December 21 order determining the court lost jurisdiction of the matter thirty days after the January 2 dismissal, deciding the August 11 order was a nullity and removing the case from the court's inventory. It is this order of which Mother complains on appeal. To determine the effect of this order, it is necessary to analyze the court's February 16, 1999, adoption of the Division's decision as its own.

 First, since both the parties have confused the issue of when a final judgment was entered in this matter, this court will now address that issue. The only court document that complies with the *City of St. Louis v. Hughes* requirements for a final judgment is the February 16, 1999, "Judgment Approving Administrative Order." It is denominated a "judgment" and was signed by the trial judge. *City of St. Louis*, 950 S.W.2d at 853. That "judgment" became final thirty days after it was issued. Rule 81.05(a). Mother had ten days from the finality of the judgment in which to appeal to this court. Rule 81.04. Mother complied with these requirements. The February 16, 1999, action of the court constituted a final judgment for purposes of appeal.

The next question is the effect of the Court's sustaining the Division's motion to adopt the administrative order as a judgment of the court. In its motion, the Division referenced the court's December 21 order removing the matter from the court's active inventory. The Division then wrote, "[i]nasmuch as there is no longer a proceeding pending seeking to review the administrative order, Respondent prays that the court enter its order approving the administrative order and adopting it as the judgment of the court...." The court granted the Division's motion February 16, 1999. Presumably the trial court would not have granted the Division's motion had it not been for the December 21 order determining the prior court actions were invalid and removing the matter. Therefore, the February 16, 1999, final judgment of the court from which Mother appeals is inextricably linked with the December 21, 1998, order upon which it relied.

In its December 21 order, the court found it had "no jurisdiction to reach the merits." The court wrote:

> [T]his court believes that jurisdiction was lost thirty (30) days after the date of dismissal...the Court would have lost jurisdiction in early April...The court therefore finds that it has no jurisdiction...and that this matter should be removed from the Court's active inventory.

As noted above, the January 2 order of dismissal was not a final judgment. Therefore, Rule 75.01's thirty-day limit upon continued jurisdiction was inapplicable, as that rule applies only to final judgments. *See above.* The December 21 order claiming the court lost jurisdiction thirty days after January 2 is an incorrect application of the law. However, the December 21 order was not a final judgment of the court. The *Commerce Bank* analysis again applies as the order did not effectively remove the action. The matter was still pending following the order of dismissal since the court never lost jurisdic-

tion. Regardless, the problem is that the court was relying on the validity of the December 21 order when it entered its February 16, 1999, final judgment. As a result, the final judgment itself can be said to be an incorrect application of the law and cannot stand. *Murphy,* 536 S.W.2d at 32. Since the court misapplied the law by 1) declaring it had lost jurisdiction to set aside the January 2 order, and 2) declaring the May 20 judgment of reinstatement void, and since this application served as the basis for entering a judgment on the appealed from administrative order, this court must reverse the February 16 judgment. The circuit court never lost jurisdiction to hear the Davis judicial review. That review should now be exercised on remand.

The judgment of February 16, 1999, is reversed and remanded with instructions to hear and decide Ms. Davis' appeal on its merits.

All Concur.