v.

**STATE of Missouri, Respondent.**

No. ED 77951.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 27, 2001.

**Tina GREGORY and Larry Booth,
Plaintiffs/Respondents,**

v.

**Kevin Todd BAKER,
Defendant/Appellant.**

No. ED 77668.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 27, 2001.

Daniel T. Rabbitt, Joseph T. Madrid, St. Louis, MO, for appellant.

Daniel James Brown, St. Louis, MO, for respondent.

AHRENS, Presiding Judge.

Kevin Todd Baker ("defendant") appeals the judgment of the trial court awarding Tina Gregory and Larry E. Booth ("plaintiffs") damages resulting from an automobile accident that occurred December 13, 1993. Defendant claims that the trial court lacked jurisdiction because the case had previously been dismissed. We affirm.

Plaintiffs filed their petition on July 30, 1996 alleging personal injuries sustained while they were passengers in a motor vehicle accident. Defendant filed his answer on October 8, 1996. On December 13, 1996, the trial court entered a memorandum for the clerk dismissing the case without prejudice for failure to prosecute. On June 24, 1997, plaintiff's counsel appeared before the trial court requesting that the case be removed from the dismissal docket and placed on the division 29 trial docket. Plaintiff explained that this case was an associate division case with a request for a jury trial that should have been transferred to division 29, but was instead transferred to division 1 where it was dismissed. The trial court agreed and transferred the case to division 29 for docketing.

On July 30, 1997, depositions of the parties were taken. On October 22, 1999, defendant filed a motion to dismiss based on lack of jurisdiction. Defendant did not call the motion until the day of trial, February 7, 2000. The trial court overruled the motion.

The case proceeded to trial and a jury returned verdicts in favor of plaintiffs. On February 8, 2000 the trial court entered judgment in favor of plaintiffs. On March 10, 2000, defendant filed an untimely post-trial motion. On March 17, 2000 defendant filed a timely notice of appeal.

In his sole point on appeal defendant claims the trial court acted outside its jurisdiction in reinstating the case because the trial court lost jurisdiction either thirty-days or six months after the dismissal

order. He claims the judgment against him is null and void. We disagree.

■ Defendant contends that Rule 75.01 is applicable. Under Rule 75.01, the trial court only retains jurisdiction over a matter for thirty-days after entry of judgment. *Davis v. Department of Social Services Div. of Child Support Enforcement*, 15 S.W.3d 42, 44 (Mo.App.2000). Plaintiffs claim that an exception to Rule 75.01 applies, because a clerical mistake was made in dismissal of the case under Rule 74.06. However, neither analysis is applicable. Rule 75.01 determines when a judgment becomes final and Rule 74.06 deals with motions made following a final judgment. *Id.*

■ On December 13, 1996, the trial court entered a memorandum for the clerk dismissing the claim. The memorandum was denominated "Dismissal Order" and stated "dismissed without prejudice on 12/13/96 for failure to prosecute at plaintiff's cost." Rule 75.01 limits the trial court's control over judgments to thirty-days.[1] An order of dismissal is not a judgment and not subject to the thirty-day limitation unless it meets the requirements of Rule 74.01(a). *Commerce Bank N.A. v. Fry*, 983 S.W.2d 221, 224 (Mo.App.1999); *Davis v. Dept. of Social Services Div. of Child Support Enforcement*, 15 S.W.3d at 46 (Mo.App.2000). Rule 74.01(a) requires: (1) a writing, (2) signed by the judge, (3) denominated a "judgment" and (4) is filed. *Commerce Bank*, 983 S.W.2d at 223; *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). In the instant case, the dismissal order did not meet the requirements of Rule 74.01(a) because it was not denominated a judgment; therefore, Rule 75.01 does not apply. *Id.* Because Rule 75.01 is inapplicable, the thirty-day time limit does not apply. *Davis*, 15 S.W.3d at 45. The matter was still pending after the dismissal since the trial court never

lost jurisdiction. *Id.* The February 8, 2000 judgment in favor of the plaintiffs is not void for lack of jurisdiction. Point denied.

The judgment of the trial court is affirmed.

CRANDALL, J., concurs.

JAMES R. DOWD, J., concurs.

---

1. Defendant cites to *Quality Business Accessories v. Nat'l Business Prods., Inc.*, 880 S.W.2d 333 (Mo.App.1994) for the proposition that an order of dismissal falls within Rule 75.01. However, *Quality Business Accessories* was decided prior to *City of St. Louis v. Hughes*, 950 S.W.2d 850 (Mo.1997).