STATE of Missouri, Plaintiff/Respondent,

v.

Candy PRESSLEY, Defendant/Appellant.

No. ED 81729.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 21, 2003.

Joel J. Schwartz, Clayton, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrew W. Hassell, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

Candy Pressley, the defendant, appeals from an order denying her motion to reinstate an order terminating probation, which is essentially a motion for an early termination of her probation. Because we find this is not a final, appealable judgment, we dismiss her appeal.

The defendant pleaded guilty to two counts of forgery. On June 3, 1999, the trial court sentenced her to two concurrent terms of seven years' imprisonment. However, the trial court suspended execution of the sentence and placed the defendant on probation for five years. On June 20, 2002, the trial court granted her motion to terminate probation, but set that order aside the next day.[1] The court then re-

---

1. We do not express any opinion about whether the trial court had jurisdiction to set aside its order terminating probation. We are only addressing the appealability of the order denying the defendant's motion to reinstate an order terminating probation. How-

ever, it would appear that the trial court may have lost jurisdiction over the case when it entered its order to terminate probation. *See, e.g., Williams v. State,* 927 S.W.2d 903, 906 (Mo.App. S.D.1996); *State v. Bachman,* 675 S.W.2d 41, 46 (Mo.App. W.D.1984). The de-

scheduled the motion for a later hearing and denied it on July 11, 2002. On August 6, 2002, the defendant filed her "Motion to Reinstate Order Terminating Probation." The trial court issued an order denying this motion on August 22, 2002. The defendant appeals from this order.

We have a duty to *sua sponte* determine whether we have jurisdiction to entertain an appeal. *State v. Wilson*, 15 S.W.3d 71, 72 (Mo.App. S.D.2000). We issued an order directing the parties to show cause why this appeal should not be dismissed. The defendant failed to file a response.

A final judgment in a criminal case occurs only when a sentence is entered. *State v. Lynch*, 679 S.W.2d 858, 859–60 (Mo. banc 1984). Probation is not part of the sentence and consequently, there is no right to appeal a trial court's decision to grant or deny probation. *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994). In addition, there is no right to appeal the terms and conditions of an order of probation. *Id.* It follows that a defendant does not have the right to appeal from the trial court's refusal to end probation early before its term has expired.

The appeal is dismissed for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.

fendant may have a remedy by way of writ to address this issue.