**Frederick J. PEET, Plaintiff–Appellant,**

v.

**Cecelia RANDOLPH, Defendant–
Respondent.**

**No. ED 80793.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 15, 2003.

John G. Young, Jr., Andrew H. Hogenson, St. Louis, MO, for appellant.

Frank K. Carlson, Union, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

Frederick Peet, the plaintiff, appeals from the trial court's judgment amending the court's previous dismissal without prejudice to one with prejudice. The plaintiff argues (1) the trial court lacked jurisdiction to amend the dismissal to one with prejudice; and (2) even if the court had jurisdiction, the court abused its discretion

in amending the dismissal without prejudice to a dismissal with prejudice. Although we hold the trial court retained jurisdiction to amend the dismissal, we also hold the trial court abused its discretion in dismissing the case. Therefore, we reverse the judgment of dismissal, reinstate the plaintiff's cause of action, and remand for a trial on the merits.

## Factual and Procedural Background

As this is the second appeal taken in this case, the parties and facts of this case are well-known to this court, and we borrow from the facts set out in our prior opinion. *See Peet v. Randolph*, 33 S.W.3d 614 (Mo. App. E.D.2000). In May of 1996, the plaintiff and then co-plaintiff Judith Keen [1] entered into a real estate sale contract with George and Cecelia Randolph, the defendants,[2] for the purchase of the defendants' farm in Franklin County. The plaintiffs claim they were ready, willing, and able to close, but the defendants failed to appear at closing and refused to convey the property. The plaintiffs filed suit seeking specific performance and, after substantial discovery on both sides, the defendants filed a motion for judgment on the pleadings against the plaintiff and a motion to dismiss against Keen. The trial court entered summary judgment in favor of the defendants, and the plaintiff, for himself and as assignee of co-plaintiff Judith Keen, appealed.

We reversed the trial court's summary judgment in an opinion dated November 7, 2000, and remanded the case to the trial court for a "trial on the merits" and "for

further proceedings consistent" with this court's opinion. *Peet*, 33 S.W.3d at 616, 620. This Court's mandate, issued on February 5, 2001, stated, in pertinent part, that the judgment rendered by the trial court:

> be reversed in part and the cause remanded for a trial on the merits in accordance with this Court's opinion delivered November 7, 2000.

On remand, no activity occurred until October 1, 2001, when the trial court, *sua sponte*, sent out a notice that it had scheduled a dismissal hearing for November 2, 2001. Upon receiving the court's dismissal hearing notice, the plaintiff filed his notice of readiness to proceed to trial on October 9, 2001, still some three weeks prior to the scheduled dismissal hearing. The dismissal hearing was held on November 2nd, with oral arguments presented by both the plaintiff and the defendant. At the conclusion of the hearing, the trial court dismissed the plaintiff's action for failure to prosecute. The court's dismissal was recorded as a docket-sheet entry. Importantly, the docket-sheet entry was not denominated as a 'judgment,' nor was it signed by the judge. The docket-sheet entry also did not indicate whether the dismissal was with or without prejudice, thus, the dismissal was without prejudice. Rule 67.03.

On November 21, 2001, nearly three weeks following this dismissal, the defendant filed a motion to amend, requesting that the dismissal be amended from one without prejudice to a dismissal with prejudice.[3] The plaintiff opposed this motion

---

1. Judith Keen assigned her interest in the residential sale contract to Frederick Peet on November 24, 1999.

2. Suggestions of death regarding George Randolph were filed on January 26, 2001. As such, the only respondent on this appeal is Cecelia Randolph.

3. Also following the November dismissal, and prior to the defendants' motion to amend, the plaintiff filed a second specific-performance action against the defendant. The defendant was served in this second action two days prior to filing her motion to amend in the original action. This second action was as-

to amend, both by a memorandum of law and in argument before the trial court. On February 4, 2002, the court entered its judgment, now properly denominated as such, and ordered the case dismissed with prejudice. In its judgment of dismissal, the court stated that it did nothing to place the matter on a docket following remand, as it "expected the plaintiff to file a motion to set the matter for a new hearing as required by the Missouri Court of Appeals, Eastern District." Continuing, the court found that the plaintiff "could not present a reasonable statement as to his failure to take any action between November 7, 2000 and October 9, 2001." In amending the dismissal to one with prejudice, the court found that its previous dismissal (without prejudice) "was not appropriate considering the one year of inaction by the plaintiff." Again, the plaintiff appeals the decision of the trial court.

### Discussion

■ Before specifically addressing the plaintiff's various arguments, we begin with an examination of the record on appeal, focussing on the trial court's November dismissal without prejudice.[4] This dismissal was recorded as a docket-sheet entry, was not denominated as a 'judgment,' and was not signed by the judge. In this form, there is no question that the November order of dismissal is not a judgment. A docket-sheet entry may constitute a judgment if it complies with the requirements of a judgment set out in Rule 74.01(a).[5] Rule 74.01(a); *Moss v. Home Depot USA, Inc.,* 988 S.W.2d 627, 631 (Mo.App. E.D.1999). Rule 74.01(a) re-

quires a (1) writing, (2) signed by the judge, (3) denominated a "judgment," and (4) a filing. *Gregory v. Baker,* 38 S.W.3d 473, 475 (Mo.App. E.D.2001). The court's November order of dismissal in this case does not meet these requirements, and thus is not a judgment. Rather, we construe the November order of dismissal as an interlocutory order of dismissal.

. ■ In his first point, the plaintiff contends the trial court acted outside its jurisdiction when it granted the defendant's motion to amend and changed the dismissal to one with prejudice. The plaintiff advances various arguments in support of his contention that the court had lost jurisdiction. The plaintiff first argues the court lost jurisdiction immediately upon entry of the November dismissal without prejudice. The plaintiff then argues that if the trial court did not lose jurisdiction immediately, the court lost jurisdiction either upon the passage of thirty days following the November dismissal without prejudice, or when he filed his second action. The plaintiff's various arguments all fail, however, because the plaintiff misconstrues the effect of the November order of dismissal.

We are not persuaded by the plaintiff's argument that the trial court lost jurisdiction immediately upon entry of the November dismissal without prejudice. The plaintiff argues by analogy, proposing that the trial court's position under the circumstances here, where there has been an involuntary dismissal, is analogous to the court's position when a plaintiff voluntarily dismisses a cause of action without preju-

---

signed to another division, which has stayed all further proceedings pending the outcome of this appeal.

4. The parties have filed numerous motions on appeal regarding the record on appeal. By agreement of the parties at the conclusion of

oral arguments, all pending motions on appeal are sustained.

5. Unless the docket sheet indicates the court will enter the judgment in a separate document, which the court did not do in the present case.

dice. The plaintiff, citing to several Missouri cases involving voluntary dismissals, notes that when a plaintiff files a voluntary dismissal without prejudice, the trial court has no further jurisdiction. *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557 (Mo. banc 1988); *Garrison v. Jones,* 557 S.W.2d 247 (Mo. banc 1977). The plaintiff argues that there is no reason to distinguish between what the trial court may do after voluntary dismissal and what the trial court may do after an involuntary dismissal, because in each instance the court loses jurisdiction when the dismissal is entered, as no further action is required on the part of the trial court to make the dismissal effective. We disagree. With a voluntary dismissal, it is the plaintiff deciding to dismiss his cause of action, and it is the plaintiff acting to dismiss the case. A voluntary dismissal is the plaintiff's dismissal, and requires no action by the trial court. On the other hand, court action is required for an involuntary dismissal. There is no dismissal unless the court acts—either on its own motion, or by granting a defendant's motion to dismiss. In this circumstance, where the court has acted, the court retains jurisdiction over the matter so that the court may be allowed to reconsider its action, correct any errors, and modify or set aside its order.

Further, because the November order of dismissal is not a judgment, the court did not lose jurisdiction thirty days following the entry of this dismissal, as the plaintiff contends. Under Rule 75.01, the trial court only retains jurisdiction over a matter for thirty days after entry of judgment. However, Rule 75.01 does not apply, and a dismissal order is not subject to the thirty-day limitation, unless the dismissal order meets the requirements of a judgment as set out in Rule 74.01(a). *Gregory,* 38 S.W.3d at 475. As we have discussed, the court's November order of dismissal does not meet these requirements, and is there-fore not a judgment. Thus, the thirty-day limit upon continued jurisdiction set out in Rule 75.01 does not apply. *Id.* Instead, the November order of dismissal is an interlocutory order of dismissal; thus the trial court never lost jurisdiction, and the matter was still pending before the trial court in February of 2002, when the court entered its amended order and judgment of dismissal with prejudice. *See Id.*

Finally, as the trial court never lost jurisdiction, the plaintiff's filing of a second action had no effect on the court's jurisdiction of the first action because the second action was barred under the doctrine of abatement, also known as the "pending action doctrine." *Bellon Wrecking & Salvage Co. v. David Orf, Inc.,* 983 S.W.2d 541, 548–9 (Mo.App. E.D.1998); Section 510.150 RSMo.2000. The February judgment dismissing the cause with prejudice is not void for lack of jurisdiction. Point denied.

■ We now turn to the plaintiff's second point that the court abused its discretion in granting the defendant's motion to amend and converting the dismissal without prejudice to a judgment and a dismissal with prejudice. Based on the record before us, it is apparent that the court clearly abused its discretion.

■ Courts have the inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence. *Shirrell v. Missouri Edison Co.,* 535 S.W.2d 446, 448 (Mo. banc 1976); *Belleville v. Director of Revenue,* 825 S.W.2d 623, 624 (Mo. banc 1992). And, the trial court's decision will not be disturbed on appeal absent an abuse of that discretion. *Id.* Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to show a

lack of careful consideration and shock the sense of justice. *Shirrell*, 535 S.W.2d at 448; *Belleville*, 825 S.W.2d at 624–5.

In this case, the court based its dismissal solely on its finding that the plaintiff had failed to take any action between November 7, 2000 and October 9, 2001, stating that its previous dismissal without prejudice was inappropriate considering this "one year of inaction" by the plaintiff. We begin by noting the court based its decision on an inaccurate premise. The court faults the plaintiff for a period of inactivity starting in November of 2000, the date when this Court's opinion in the prior appeal was issued. However, as the defendant had filed motions for rehearing and transfer to the Supreme Court, the matter was still pending in this Court until our mandate was issued in February of 2001.

Further, our mandate remanded the cause of action for a trial on the merits, yet no trial has taken place, or was even scheduled. In its judgment, the trial court stated it did nothing to place the matter on a docket following remand as it "expected the plaintiff to file a motion to set the matter for a new hearing as required by the Missouri Court of Appeals, Eastern District." The plaintiff argues there is no rule, local or otherwise, requiring such a motion or delineating how a party should conduct themselves following remand. Moreover, the plaintiff argues that there is nothing in this court's opinion or mandate that obligated him to move the trial court for a new hearing, nor could either be so construed. The basis of the trial court's expectation is nowhere to be found in the record before us, nor is there any indication that the plaintiff was ever advised of the court's expectation. Yet, the court faults the plaintiff for failing to meet this expectation.

The plaintiff acknowledges his obligation to diligently prosecute his cause of action and, in reviewing the history of this case, we cannot say that he has defaulted on this duty. Prior to summary judgment in this case, substantial discovery had been completed and a trial date had been set. The plaintiff opposed the summary judgment, and then successfully appealed the court's summary-judgment ruling. And, upon receiving the court's notice of dismissal hearing, the plaintiff immediately filed his notice of readiness for trial. The plaintiff's actions in prosecuting this case are hardly comparable to the delays and substantial periods of dormancy seen in cases that have been properly dismissed for failure to prosecute. *See, e.g., Shirrell*, 535 S.W.2d at 449–50; *Kralik v. Mortgage Syndicate, Inc.*, 673 S.W.2d 448 (Mo.App. E.D.1984); *Koonce v. Union Elec. Co.*, 831 S.W.2d 702 (Mo.App. E.D.1992).

We are mindful that trial courts must be able to control and expedite their dockets. But, it is of greater importance that the court's work "should be done with care and discernment and that [the court] should be ever diligent and zealous in [its] unremitting efforts to attain the ends of justice." *Laurie v. Ezard*, 595 S.W.2d 336, 338 (Mo.App. S.D.1980) *citing Levee District No. 4 of Dunklin County v. Small*, 281 S.W.2d 614, 618–9 (Mo.App.1955). The court's discretion to dismiss a case for failure to prosecute "is not a mental discretion, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to serve the ends of substantial justice." *Laurie*, 595 S.W.2d at 337. As a matter of policy, Missouri law favors the disposition of cases upon the merits, when possible. *Horobec v. Mueller*, 628 S.W.2d 942, 944 (Mo.App. E.D. 1982); *Laurie*, 595 S.W.2d at 337; *Myers v. Moreno*, 564 S.W.2d 83, 85 (Mo.App. 1978). This is because "[t]he purpose of

all courts is to do justice, and justice is best served when all litigants have a chance to be heard." *Laurie*, 595 S.W.2d at 337; *Myers*, 564 S.W.2d at 85. Justice was ill-served in this case. Given the lack of a local rule delineating the plaintiff's responsibilities on remand, the lack of any scheduling conference or schedule on remand, this Court's mandate that a trial be held, and the plaintiff's readiness to proceed to trial, the trial court clearly abused its discretion in dismissing this case. Point granted.

Further, our review of the record clearly reveals that Judge Murray abused his discretion not only in entering the judgment of dismissal with prejudice, but also in entering his earlier interlocutory order of dismissal without prejudice. Neither dismissal was warranted on the record here, and they both stand in contravention to our prior mandate that the plaintiffs have a right to a trial on the merits. Therefore, we reinstate the plaintiff's cause of action. We remand the cause to the presiding judge of the circuit for reassignment to a judge, other than Judge Murray, for a trial on the merits.

The judgment is reversed, and the cause remanded.

LAWRENCE G. CRAHAN, J., and CHARLES B. BLACKMAR, Sr. J., concur.