**Vernon NORFOLK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 64831.**

Missouri Court of Appeals,
Western District.

April 4, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 30, 2006.

Application for Transfer Denied
Sept. 26, 2006.

Amy M. Bartholow, Columbia, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before HARDWICK, P.J., BRECKENRIDGE and SPINDEN, JJ.

LISA WHITE HARDWICK, Judge.

Vernon Norfolk appeals from the denial of his Rule 24.035[1] motion to vacate his sentence upon a guilty plea. He contends the motion court clearly erred in rejecting his claim that the trial court lacked jurisdiction to revoke his probation and execute a prison sentence because the probation period had already terminated. We reverse.

### FACTUAL AND PROCEDURAL HISTORY

On October 23, 1996, Norfolk pled guilty to a charge of knowingly burning, Section 569.055, RSMO 1994, and was sentenced to a five-year prison term. The circuit court suspended execution of the sentence and placed Norfolk on probation for five years.

Norfolk's probation was revoked on January 26, 2000, after he failed to pay restitution while incarcerated on an unrelated charge. The court imposed a new five-year term of probation. The State agreed that it would not oppose early termination of the probation upon full payment of restitution.

On August 15, 2002, the court made a docket entry ordering the early termination of Norfolk's probation, based upon a finding that his court costs and restitution had been paid in full. Norfolk was discharged from probationary supervision.

Three weeks later, the court rescinded the probation termination order based upon information that Norfolk, or someone acting in concert with him, made fraudulent representations regarding the payment of restitution. The court further ordered the State Board of Probation and Parole to resume supervision of Norfolk.

1. All rule citations are to Missouri Rules of Procedure (2005) unless otherwise noted.

On October 17, 2002, and December 30, 2002, the State filed motions to revoke Norfolk's probation. Norfolk filed a motion to dismiss, contending the circuit court lost subject matter jurisdiction when it terminated his probation and ordered him discharged on August 15, 2002. Following an evidentiary hearing, the court denied Norfolk's motion to dismiss and revoked his probation. The court ordered execution of Norfolk's five-year prison sentence.

Norfolk filed a timely Rule 24.035 motion to vacate the prison sentence. In an amended motion, Norfolk alleged the trial court lacked jurisdiction to reinstate and revoke his probation, and then execute five-year prison sentence, after he had already been discharged from probation.

The motion court entered Findings of Fact and Conclusion of Law denying post-conviction relief. The court determined that the docket entry of August 15, 2002, "was not valid as an order or a judgment" and, therefore, the docket entry did not terminate Norfolk's probation or the trial court's jurisdiction. Norfolk appeals from the judgment denying his Rule 24.035 motion.

### STANDARD OF REVIEW

■ Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k). Findings and conclusions are "clearly erroneous" when a review of the entire record leaves this court with the definite and firm impression that a mistake has been made. *Pope v. State*, 87 S.W.3d 425, 427 (Mo.App.2002).

### ANALYSIS

In his sole point on appeal, Norfolk contends the motion court clearly erred in denying his claim that the trial court lacked jurisdiction to revoke his probation and execute a prison sentence, as the probation had already been terminated by a valid order of the court on August 15, 2002. Based on this jurisdictional error, Norfolk seeks to vacate his five-year prison sentence.

■ As a preliminary matter, the State argues Norfolk's claim of lost jurisdiction was not cognizable in a Rule 24.035 proceeding. Citing *Green v. State*, 494 S.W.2d 356, 357 (Mo. banc 1973), and *Teter v. State*, 893 S.W.2d 405 (Mo.App.1995), the State asserts the sole remedy available to challenge an order revoking probation is a writ of habeas corpus.

■ *Green* and *Teter* are distinguishable as the movants in those cases had not been discharged from probation. A discharge from probation terminates the trial court's jurisdiction. *State v. Bachman*, 675 S.W.2d 41, 47–48 (Mo.App.1984). As this court previously held in *Stelljes v. State*, 72 S.W.3d 196, 199 (Mo.App.2002), once the movant's probationary period has ended, his challenge of the trial court's jurisdiction to revoke his probation could be brought in a Rule 24.035 proceeding. Accordingly, Norfolk's post-conviction claim was properly before the motion court.

■ Responding to the merits of the Rule 24.035 claim, the State contends the motion court correctly determined that the trial court did not lose jurisdiction when it made a docket entry on August 15, 2002, to terminate Norfolk's probation. The motion court concluded the docket entry was not a valid order pursuant to Rule 74.01 or Rule 74.02 because it "was not in the court's handwriting or signed by the judge.... Therefore, it had no effect and did not terminate Norfolk's probation."

■ We disagree with the motion court's application of the court rules. Rule 74.01(a) requires the written signature of a judge on any judgment, decree, or order *from which an appeal lies.* The State offers no authority to indicate that an order terminating probation is appealable. There is no right to appeal from a trial court's decision to grant or deny probation, or to appeal the terms of probation. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). Nor can a defendant appeal from a trial court's refusal to end probation early before its term has expired. *State v. Pressley,* 94 S.W.3d 449, 450 (Mo.App. 2003). In the instant case, no attempt was even made to appeal from the docket entry terminating probation. Given no prospect of an appeal, the requirements of Rule 74.01 are inapplicable to the order terminating Norfolk's probation.

■ Rule 74.02 provides that "[e]very direction of a court made or entered in writing and not included in a judgment is an order." The trial court's typewritten docket entry of August 15, 2002, qualifies as an "order" under this provision. Notably, nothing in Rule 74.02 requires an order to be handwritten or signed by the judge. As a directive of the court, the unsigned docket entry was no less valid to terminate probation than a formally prepared order. Such orders are a common method of ruling on probation issues, including revocation and discharge. *See Bachman,* 675 S.W.2d at 48; *State v. Ortega,* 985 S.W.2d 373, 374 (Mo.App.1999). When an order discharges the defendant from probation, it also discharges the trial court's jurisdiction with respect to that case. *Ortega,* 985 S.W.2d at 374. The

State further asserts the trial court retained jurisdiction over the "judgment" terminating probation for thirty days pursuant to Rule 75.01 (civil rule) or Rule 29.13 (criminal rule). Since we have determined the docket entry was not a judgment, neither rule is applicable. *Davis v. Dep't. of Soc. Servs.,* 15 S.W.3d 42, 44–45 (Mo.App.2000).

The State also argues Rule 74.06(b)[2] allowed the court to re-open the issue of probation since Norfolk's discharge was based on fraudulent conduct. Rule 74.06 is not applicable to an order that is not a judgment. *Id.* Even if it could be applied, the trial court had no jurisdiction to vacate the order in the absence of a motion for relief pursuant to Rule 74.06. *Richardson v. Jallen Inv. Group, Inc.,* 140 S.W.3d 112, 114 (Mo.App.2004). The State did not move to vacate the order terminating probation.

■ Finally, the State argues that Norfolk's fraudulent conduct occurred before the docket entry on August 15, 2002, thereby allowing the court to retain jurisdiction of the matter under Section 559.036.3, which provides:

If the defendant violates a condition of probation at any time prior to the expiration or termination of the probation term, the court may continue him on the existing conditions, ... or ... may revoke probation and order that any sentence previously imposed be executed.

The State has failed to make any showing that this provision has been applied in situations where the defendant has already been discharged from probation. The

2. **Rule 74.06. Relief From Judgment or Order**

(b) **Excusable Neglect—Fraud—Irregular, Void or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party of his legal representative from a final judgment or order for the following reasons: ... (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party....

cases relied on by the State, including *Cline v. Teasdale*, 142 S.W.3d 215 (Mo. App.2004), interpret Section 559.036.3 as allowing the court to revoke probation for violations occurring during but near the expiration of the probationary period *if* adequate manifestations of intent to conduct a revocation hearing are in place and reasonable efforts are made to notify the defendant of the hearing before the probation period ends. Section 559.036.6. *See also Stelljes*, 72 S.W.3d at 200–01. Here, the trial court did not indicate any intention to revoke Norfolk's probation in the days, weeks, or months prior to the entry of termination order on August 15, 2002. Consequently, Section 559.036 offers no defense to Norfolk's claim that the trial court lost jurisdiction upon discharging him from probation.

■ The motion court clearly erred in denying Norfolk's Rule 24.035 motion for post-conviction relief. Once the trial court discharged Norfolk from probation on August 15, 2002, it thereafter lacked any jurisdiction to rescind the termination order, reinstate probation, revoke probation, or execute a sentence on his conviction for knowingly burning. The motion court should have granted relief by vacating Norfolk's five-year prison sentence.

The judgment of the motion court is reversed. Norfolk is hereby discharged and his prison sentence vacated.

All concur.