Edward L. and Sharon **LINDLEY**,
Appellants,

v.

**MIDWEST PULMONARY CONSUL-
TANTS, P.C., and Michael E. Nel-
son, M.D., Respondents.**

No. WD 57742.

Missouri Court of Appeals,
Western District.

July 25, 2000.

As Modified Aug. 24, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 29, 2000.

Application for Transfer Denied
Oct. 3, 2000.

Bradley Leon Bradshaw, Springfield,
MO, S.W. Longan, III, Patricia Lear-John-
son, Kansas City, MO, for Appellant.

Thomas Philip Cartmell, Kansas City,
Mo, for Respondent.

Before HAROLD L. LOWENSTEIN,
Presiding Judge, ROBERT G. ULRICH,
Judge, and RONALD R. HOLLIGER,
Judge.

PER CURIAM.

Edward and Sharon Lindley appeal the
order of the Circuit Court of Jackson
County, Missouri, dismissing their petition
against Michael Nelson, M.D., a Kansas
resident. The Lindleys contend on appeal
that the trial court erred in dismissing
their petition because Nelson had suffi-
cient contacts to be subjected to Missouri
personal jurisdiction and, alternatively,
that he committed one of the acts enumer-
ated in the long arm statute.

This cause of action involves a medical
malpractice lawsuit. Plaintiffs sued Dr.
Nelson and his employer, Midwest Pulmo-
nary Consultants, P.C., as well as several
other defendants. Plaintiffs, prior to this
appeal, voluntarily dismissed all defen-
dants except Nelson and Midwest Pulmo-
nary.

Plaintiffs have included in the
original and supplemental legal files the
trial court's order of dismissal entered on
September 15, 1999, and the court's order
of October 1, 1999, denying their motion
for reconsideration. They are identical ex-
cept for the addition in the later order of
the phrase "this is a final order and there
is no just reason for delay." That addition
addressed the issue of finality raised by
Supreme Court Rule 74.01(b) because Mid-
west Pulmonary remained a party. Nei-
ther order is denominated as a "judg-
ment," as required by Rule 74.01(a).
There is, consequently, no final judgment
for purposes of appeal. *City of St. Louis
v. Hughes,* 950 S.W.2d 850 (Mo. banc
1997). Plaintiffs argue correctly that the

dismissal of an action for lack of personal jurisdiction is appealable. *Dillaplain v. Lite Indus., Inc.,* 788 S.W.2d 530, 533 (Mo. App.1990). Nevertheless, a dismissal without prejudice must still be denominated a "judgment" to be appealable under Rule 74.01(a). *A.L. v. Peeler,* 969 S.W.2d 262, 265 (Mo.App.1998). The trial judge's addition to the order of October 1 of the phrase "there is no just reason for delay" satisfied subsection (b) but not subsection (a) of Rule 74.01. The failure to denominate either entry as a "judgment" deprives this court of jurisdiction on appeal. *Martin v. Director of Revenue State of Mo.,* 10 S.W.3d 618 (Mo.App.2000). Appellant may seek the denomination of the ruling as a "judgment" and "final" for purposes of appeal by the trial court and file a new notice of appeal. Upon filing of a new notice of appeal, appellant may seek transfer of the record on appeal to the new appeal and for expedited processing.

The appeal is therefore dismissed.