STATE ex. rel. Jeremiah W. (Jay) NIXON, Attorney General, Relator,

v.

The Honorable Ralph JAYNES, Circuit Judge, Randolph County, and Norma Prange, Circuit Clerk, Randolph County, Respondents.

No. SC 83424.

Supreme Court of Missouri, En Banc.

Nov. 6, 2001.

Rehearing Denied Dec. 18, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, for Relator.

Gwenda R. Robinson, District Defender, St. Louis, for Respondents.

DUANE BENTON, Judge.

Michael Morrow sought a writ of habeas corpus against James A. Gammon, superintendent of the Moberly Correctional Center. The circuit court issued the writ, finding the State breached a plea agreement that required Morrow's guilty plea. The Court of Appeals denied review, by refusing to issue a writ of certiorari. This Court issued a writ of certiorari, and now quashes the circuit court's record granting the writ of habeas corpus.

I.

On April 30, 1999, Morrow, with counsel, withdrew his previous plea of not guilty, and pled guilty to a class C felony, possession of a controlled substance (cocaine base). Before accepting the plea, the judge asked Morrow about his current physical and mental health; his prior criminal record; the current charge; the evidence against him; the range of punishment for the offense and for a prior and persistent drug offender; waiver of jury-trial rights; level of satisfaction with his attorney; independence of the plea; whether any promises were made to him regarding any possible sentence; and truthfulness and completeness of his testimony. The State recommended a four-year sentence, but the court informed Morrow that he "could face a range of punishment from ten to thirty years or life." After this inquiry, the court accepted his plea.

The court immediately began the sentencing hearing. The judge asked defense counsel for his recommendation on behalf of Morrow. Defense counsel responded:

Your Honor, pursuant to earlier discussions regarding this case, we would request that any sentence that is imposed be imposed pursuant to Revised Missouri Statute 217.362. And we would ask that the client be permitted to enter that two year drug treatment program with the possibility of being brought out on probation with respect to any sentence which may be imposed in this case.

The prosecutor then stated, in response to the court, that she had nothing further to say with regard to "the State's recommendation."

Morrow was sentenced to 18 years "pursuant to the provisions of section 217.362." When later questioning Morrow about his counsel under Rule 29.07(b)(4), the judge stated: "There were plea negotiations in this case between the Defendant and the State."

The court then conducted a probation revocation hearing, as Morrow was on probation for a previous conviction for sale of a controlled substance. Morrow confessed to violating two conditions, and waived an evidentiary hearing. Probation was revoked, and Morrow was sentenced to 12 years "pursuant to the provisions of section 217.362," to run concurrently with the 18-year sentence.

Morrow filed for habeas corpus in August 2000 on the ground of manifest injustice, alleging he pled guilty as part of a plea agreement. This purported agreement required him to plead guilty in exchange for a sentence under section 217.362, so that upon completing the long-term drug program, he would be on probation. Morrow asserts that after the Department of Corrections found him ineligible for the program, his guilty plea became unknowing and involuntary because he

would not have pled guilty **but for** the opportunity to participate in this program.

Based solely on the record (without an evidentiary hearing), the respondent Judge granted habeas corpus relief under *Brown v. Gammon,* 947 S.W.2d 437 (Mo.App. 1997). The judge found: (1) Morrow did not and could not have known that he was not going to enter the long-term drug program until after the 90–day time period for Rule 24.035 relief; (2) he was sentenced under section 217.362; (3) section 217.362 was part of a plea agreement; and (4) Morrow reasonably believed he would be sentenced under section 217.362.

## II.

■ A writ of certiorari is the proper means to review a writ of habeas corpus. *Missouri ex rel. Stewart v. Blair,* 357 Mo. 287, 208 S.W.2d 268, 277 (banc 1948). The chief purpose of certiorari is to confine an inferior court within its jurisdiction. *State ex rel. Nixon v. Kelly,* 58 S.W.3d 513 (Mo. banc 2001). Certiorari brings only the record to this Court. *State ex rel. Miller v. O'Malley,* 342 Mo. 641, 117 S.W.2d 319, 321 (Mo.banc 1938). This Court reviews questions of law that appear on the face of the record. *State ex rel. St. Louis Union Trust Co. v. Neaf,* 346 Mo. 86, 139 S.W.2d 958, 962 (1940). Generally, matters not apparent from the record may not be reviewed on certiorari. *Missouri ex rel. Reorganized Sch. Dist. R–9 v. Windes,* 513 S.W.2d 385, 390 (Mo.1974).

Here, this Court's review is limited to determining whether the respondent Judge acted beyond his jurisdiction in issuing a writ of habeas corpus based solely on a review of the record.

## III.

■ Guilty pleas must be knowingly and voluntarily made. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274, 279 (1969). When a petitioner is reasonably mistaken as to an essential term of the plea agreement, the plea is rendered involuntary. *McMahon v. State,* 569 S.W.2d 753, 758–59 (Mo. banc 1978); *Brown v. State,* 485 S.W.2d 424, 429 (Mo.1972).

■ "The trial judge should not accept a plea of guilty without first inquiring whether there is a plea agreement and, if there is one, requiring that it be disclosed on the record in open court ... at the time the plea is offered." *Schellert v. State,* 569 S.W.2d 735, 739 (Mo. banc 1978); see also *Rule 24.02(d)(2).* As part of the disclosure, the court must explicitly identify the terms of the agreement before accepting the plea. *Rule 24.02(d)(2).*

■ Here, a plea agreement including section 217.362 is not apparent on the face of the record. Morrow entered his guilty plea **before** any discussion—on the record—of the long-term drug program. The record states:

**THE COURT**: Has anyone promised you anything Mr. Morrow to get you to plead guilty?

**ANSWER**: No, sir.

**THE COURT**: Has anyone told you that you will get probation or you will get a certain sentence in return for pleading guilty?

**ANSWER**: No, sir.

**THE COURT**: Has anyone told you that I've made some kind of promise in order to encourage you to plead guilty?

**ANSWER**: No, sir.

■ Morrow argues that a plea agreement can be inferred from defense counsel's statement: "Your Honor, pursuant to earlier discussions regarding this case, we would request that any sentence that is imposed be imposed pursuant to Revised Missouri Statute 217.362." First, this re-

quest did not occur until after the court accepted the guilty plea. Second, the habeas court did not hold an evidentiary hearing, but reviewed only the transcript of the plea hearing. The record does not support the existence of a plea agreement that includes section 217.362.

### IV.

The circuit court's record granting the writ of habeas corpus is quashed.[1]

. LIMBAUGH, C.J., WHITE, HOLSTEIN, WOLFF, and PRICE, JJ., and MONTGOMERY, Sp.J., concur. LAURA DENVIR STITH, J. not . participating.

**David L. McDERMOTT, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, et al.,**
**Respondents.**

**No. SC 83588.**

Supreme Court of Missouri,
En Banc.

Dec. 18, 2001.

---

1. In certiorari, this Court is limited to either quashing or not quashing the record of the lower court. *State ex rel. Manion v. Dawson*, 284 Mo. 490, 225 S.W. 97, 99 (Mo.banc 1920). Therefore, this opinion is not a denial of the writ of habeas corpus by a higher court. See *Rule 91.04(a)(4); 91.22; In re*

David L. McDermott, pro se, Jefferson City.

Jeremiah W. (Jay) Nixon, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondents.

*Breck*, 252 Mo. 302, 158 S.W. 843, 849 (Mo. banc 1913).