

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI EX REL. )
CHRIS KOSTER, )
)
Relator, )
)
vs. )     No. SD33124
)     Opinion filed: 3-17-14
THE HONORABLE MARK FITZSIMMONS, )
ASSOCIATE CIRCUIT JUDGE OF GREENE )
COUNTY, AND STEVE HELMS, CIRCUIT )
CLERK, GREENE COUNTY CIRCUIT COURT, )
)
Respondents.[1] )

### ORIGINAL PROCEEDING ON WRIT OF CERTIORARI

## RECORD AND WRIT OF HABEAS CORPUS QUASHED

*(Before Bates, P.J., Lynch, J. and Sheffield, J.)*

PER CURIAM.  This is an original proceeding in certiorari to review the record

of the Circuit Court of Greene County in the case of *In re Joseph Bowen, Petitioner v.*

*Greene County Sheriff Jim Arnott, Respondent,* Case No. 1431-CC00077, in which the

circuit court granted a writ of habeas corpus to Joseph T. Bowen ("Bowen").  Following

---

[1] Relator's petition for writ of certiorari identifies the Honorable Mark Fitzsimmons as a respondent.  We note that although Judge Fitzsimmons is listed as the judge on the circuit court's case record, the docket entries do not indicate that Judge Fitzsimmons heard or decided any issue in the underlying case.  Instead, the record reflects that the Honorable Calvin R. Holden, Circuit Judge of Greene County, heard and decided this matter.  In order to avoid any confusion regarding the effect of this decision (including any question concerning to whom it is addressed), we direct this opinion to the Circuit Court of Greene County, Missouri, *at large*, pursuant to our authority under article V, section 4 of the Missouri Constitution.

1

the circuit court's issuance of the writ of habeas corpus, the Attorney General of Missouri ("attorney general") filed a petition for writ of certiorari in this Court, which we granted as a matter of right. *See State ex rel. Nixon v. Kelly,* 58 S.W.3d 513, 516 (Mo. banc 2001); *see also State ex rel. Nixon v. Jaynes,* 73 S.W.3d 623, 624 n.1 (Mo. banc 2002). We conclude that the circuit court acted in excess of its authority in granting the writ of habeas corpus and quash its record.

## Review of Writs of Habeas Corpus

There is no right of appeal from the granting of a writ of habeas corpus; instead, review is by writ of certiorari. *Kelly,* 58 S.W.3d at 516. Certiorari brings the habeas court's record to this Court. *State ex rel. Nixon v. Jaynes,* 61 S.W.3d 243, 245 (Mo. banc 2001). This Court reviews the record to determine whether the habeas court exceeded its authority or jurisdiction. *State ex rel. Nixon v. Sprick,* 59 S.W.3d 515, 518 (Mo. banc 2001). "The writ of certiorari 'presents only questions of law on the record brought up by the return and does not permit consideration of issues of fact.'" *Kelly,* 58 S.W.3d at 516 (quoting *State ex rel. Reorganized Sch. Dist. R-9 v. Windes,* 513 S.W.2d 385, 390 (Mo. 1974)). "In certiorari, this Court is limited to either quashing or not quashing the record of the lower court." *Jaynes,* 61 S.W.3d at 246 n.1.

## Factual and Procedural History

The instant case is one in a series of criminal, habeas corpus, certiorari and other proceedings involving Bowen. These cases are spread across two circuit courts and two districts of the court of appeals. A brief history of the ancillary cases is necessary to provide context for our decision.

In October 2008, Bowen pled guilty to the crime of child molestation, first degree, in the Circuit Court of Randolph County, Case No. 08RA-CR00592-01.[2]  *See* § 566.067.[3]  Thereafter, the circuit court sentenced Bowen to five years' imprisonment in the Missouri Department of Corrections but ordered that he be placed in the sexual offender assessment unit pursuant to § 559.115.5.[4]  On March 18, 2009, the circuit court denied probation under § 559.115, finding that "it would be an abuse of discretion to release" Bowen.

In June 2013, while Bowen remained incarcerated, the State of Missouri filed a petition in the Circuit Court of Randolph County, Case No. 13RA-PR00055, seeking to commit Bowen as a sexually violent predator based on his conviction in Randolph County Case No. 08RA-CR00592-01.  *See* § 632.486.  Following a hearing pursuant to § 632.489.2, the probate court found that "[t]here is probable cause to believe that [Bowen] … is a sexually violent predator within the meaning of RSMo § 632.480(5)" and ordered that Bowen be taken into custody by the Sheriff of Randolph County and held for evaluation and further proceedings.

In December 2013, Bowen filed a petition for writ of habeas corpus in the Circuit Court of Randolph County, Case No. 13RA-CV01331, challenging the lawfulness of his detention in connection with the sexually violent predator proceeding (i.e., Case

---

[2] In the same case, Bowen also pled guilty to supplying intoxicating liquor to a minor under § 311.310 RSMo Cum. Supp. (2008).  This conviction does not appear to have any bearing on the subsequent proceedings.

[3] Except as otherwise noted, all statutory references are to RSMo Cum. Supp. (2008).

[4] In *State ex rel. Valentine v. Orr,* 366 S.W.3d 534, 536 (Mo. banc 2012), the Supreme Court determined that an offender's placement in the sexual offender assessment unit "constitutes participation in a 120-day program for purposes of section 559.115.3."  Section 559.115.3 authorizes probation after successful completion of a 120-day program in certain cases.  While *Orr* was decided after the events here, it appears that the circuit court regarded Bowen's placement in the sexual offender assessment as a treatment program for purposes of § 559.115.3, consistent with *Orr*.

No. 13RA-PR00055).[5] On January 14, 2014, there was a flurry of activity. First, the circuit court issued a writ of habeas corpus in Case No. 13RA-CV01331 ordering the Sheriff of Randolph County to release Bowen from custody. The writ found that the State had shown no legal basis for Bowen's detention in Case No. 13RA-PR00055 "because the State of Missouri does not have statutory authority to file its petition seeking civil commitment."[6] Second, the attorney general filed a petition for writ of certiorari in the Western District of the Missouri Court of Appeals to obtain review of the circuit court's writ of habeas corpus.[7] Third, the Western District issued a writ of certiorari in which it ordered "[t]he enforcement of the writ of Habeas Corpus directing the release of Joseph T. Bowen … stayed pending this Court's review of the issues raised in this matter." Fourth, the circuit court entered an order purporting to dismiss Case No. 13RA-PR00055 and, again, ordering Bowen released from custody. Fifth, the attorney general filed an "Emergency Application for Stay of Release Order" in the Western District seeking a stay of Bowen's release under the circuit court's order of dismissal in

---

[5] In this petition, Bowen claims, among other things, that the circuit court "acted in excess of statutory authority, and without jurisdiction, in denying . . . probation and in executing his sentence" in Case No. 08RA-CR00592-01 and that, as a consequence, he was "never under the jurisdiction of the Missouri Department of Corrections[.]" Further, he argues:

> Mr. Bowen's unlawful execution of sentence, and denial of probation, under § 559.115.3, means that the Department [of Corrections] never lawfully acquired jurisdiction over Mr. Bowen and that he was entitled to release after completion of the 120-day program in 2009. Section 632.483 requires that the Department of Corrections provide notice within 360 days of an individual's release from lawful confinement in the Department. The Department's notice to the Attorney General was more than 1,800 days, or five years, too late. The State of Missouri failed to meet the conditions required under the SVP Act to vest the government with statutory authority to seek civil commitment. As a result, the State of Missouri was without any authority under the SVP Act to file a petition seeking Mr. Bowen's civil commitment and lacked standing to do so. Subsequently, the probate division of the Circuit Court was without jurisdiction and statutory authority to order that Mr. Bowen be detained and confined. He is being illegally restrained.

[6] This decision appears to rest on Bowen's argument discussed in n.5, *supra*.

[7] Randolph County is within the territorial jurisdiction of the Western District. *See* §§ 477.050-.070 RSMo (2000).

4

Case No. 13RA-PR00055. Sixth, the Western District issued a second order staying Bowen's release. Seventh, at some point during the day, Bowen was released from custody. Eighth, the circuit court issued a "Bench Warrant" for the arrest of Bowen in Case No. 13RA-PR00055.

Sometime between Tuesday, January 14, 2014, and Thursday, January 16, 2014, Bowen was arrested in Greene County, Missouri, and placed in the Greene County jail, where he was held on the Randolph County warrant. On January 16, 2014, Bowen filed a petition for writ of habeas corpus in the Circuit Court of Greene County challenging the lawfulness of his confinement pursuant to the Randolph County warrant. On January 17, 2014, the Circuit Court of Greene County conducted a hearing on Bowen's petition and issued a writ of habeas corpus, ordering that Bowen be released. The same day, the attorney general filed a petition for writ of certiorari in this Court.[8] We issued the writ and granted the attorney general's request to stay Bowen's release under the Greene County writ of habeas corpus.

## Analysis

The sole issue in this case is whether the Circuit Court of Greene County exceeded its authority in granting a writ of habeas corpus. In issuing the writ, the circuit court did not specify the grounds for its decision. In its entirety, the court's entry states as follows: "After review of Petition and hearing evidence on the matter, the Court does grant the Plaintiff's Petition for Writ of Habeas Corpus. The Greene County Jail is ordered to release the Plaintiff from custody. Notice of Entry to GCJ. CRH/env." In the absence of any other explanation for its ruling, we will presume the court's decision

---

[8] Greene County is within the territorial jurisdiction of the Southern District. *See* § 477.060 RSMo (2000).

5

rested on one or more of the grounds asserted in Bowen's petition for writ of habeas corpus. *See Bryan v. Peppers,* 175 S.W.3d 714, 721 (Mo. App. 2005).

In his petition, Bowen claims his detention pursuant to the Randolph County warrant is unlawful for two reasons. First, he asserts that the warrant is facially invalid because it fails to "contain a description of any offense charged by way of complaint or indictment" as required by Rules 21.06 and 22.05.[9] Second, he claims the Circuit Court of Randolph County lacked authority or jurisdiction to issue the warrant in Case No. 13RA-PR00055 following its dismissal of the State's petition in that case.[10]

As to Bowen's first claim, we note that Case No. 13RA-PR00055 is not a criminal proceeding. Rather, it is a civil proceeding under Missouri's sexually violent predator laws. *See In re Care and Treatment of Norton,* 123 S.W.3d 170, 172 (Mo. banc 2003);

---

[9] All references to rules are to Missouri Court Rules (2013).

[10] Relevant here, § 532.430 RSMo (2000) states:

> If it appear that the prisoner is in custody by virtue of process from any court legally constituted, or issued by any officer in the service of judicial proceedings before him, such prisoner can only be discharged in one of the following cases:
>
> (1) Where the jurisdiction of such court or officer has been exceeded, either as to matter, place, sum or person;
>
> (2) Where, though the original imprisonment was lawful, yet, by some act, omission or event, which has taken place afterward, the party has become entitled to be discharged;
>
> (3) Where the process is defective in some matter of substance required by law, rendering such process void;
>
> (4) Where the process, though in proper form, has been issued in a case or under circumstances not allowed by law;
>
> (5) Where the process, though in proper form, has been issued or executed by a person who is not authorized by law to issue or execute the same, or where the person having the custody of such prisoner under such process is not the person empowered by law to detain him;
>
> (6) Where the process is not authorized by any judgment, order or decree, nor by any provision of law.

Here, Bowen's claims appear to fall under subparagraphs (1) and (3).

6

*see also Kansas v. Hendricks,* 521 U.S. 346, 346 (1997). As such, the warrant requirements cited by Bowen simply do not apply.

As to the second claim, we observe that in sexually violent predator proceedings, § 632.489 expressly authorizes a circuit court to order that a "person be taken into custody and direct that the person be transferred to an appropriate secure facility, including, but not limited to, a county jail" where it finds probable cause to believe the person named in a petition is a sexually violent predator. § 632.489.1. As noted above, the Circuit Court of Randolph County did make such a determination in Case No. 13RA-PR00055.

Bowen's petition for writ of habeas corpus does not specifically address the circuit court's power to order his detention under § 632.489. Instead, the petition asserts that the circuit court lacked power to issue the warrant following its entry of the order of dismissal because the "order dismissing the underlying case is a 'judgment' under Rule 74.01" and, upon issuance of the order, the circuit court "lost jurisdiction to take any further action" in the case other than to "vacate, reopen, correct, amend or modify its judgment as authorized by Rule 75.01."[11] This argument is fatally flawed because its

---

[11] Rule 75.01 states:

> The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor. After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal.
>
> The thirty-day period after entry of judgment for granting a new trial of the court's own initiative is not shortened by the filing of a notice of appeal but is terminated when the record on appeal is filed in the appellate court.

original premise (i.e., that the "order dismissing the underlying case is a 'judgment' under Rule 74.01") is incorrect. The order of dismissal, as contained in the record before this Court, is not a final judgment inasmuch as it fails to comply with the requirements of Rule 74.01(a).[12] Specifically, the order is not denominated "judgment" or "decree." Rule 74.01(a); *see Lindley v. Midwest Pulmonary Consultants, P.C.,* 26 S.W.3d 427, 427-28 (Mo. App. 2000).

The effect of an "order" of dismissal on the power of the circuit court was expressly addressed in *Gregory v. Baker,* 38 S.W.3d 473, 475 (Mo. App. 2001):

> Rule 75.01 limits the trial court's control over judgments to thirty days. An order of dismissal is not a judgment and not subject to the thirty-day limitation unless it meets the requirements of Rule 74.01(a). Rule 74.01(a) requires: (1) a writing, (2) signed by the judge, (3) denominated a "judgment" and (4) is filed. In the instant case, the dismissal order did not meet the requirements of Rule 74.01(a) because it was not denominated a judgment; therefore, Rule 75.01 does not apply. Because Rule 75.01 is inapplicable, the thirty-day time limit does not apply. The matter was still pending after the dismissal since the trial court never lost jurisdiction. The … judgment in favor of the plaintiffs is not void for lack of jurisdiction.

*Id.* at 475 (case citations and footnote omitted); *see Peet v. Randolph,* 103 S.W.3d 872, 876 (Mo. App. 2003). Our Supreme Court, likewise, has held that "[w]here the 'judgment' in question is not final, Rule 75.01 does not apply … and the trial court retains jurisdiction[.]" *Williams v. Williams,* 41 S.W.3d 877, 878 (Mo. banc 2001) (citations omitted); *see Spicer v. Donald N. Spicer Revocable Living Trust,* 336 S.W.3d

---

[12] Rule 74.01(a) states:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.

8

466, 469 (Mo. banc 2011). Based on these authorities and the record before us, we find that Bowen has failed to demonstrate the Circuit Court of Randolph County lacked jurisdiction in Case No. 13RA-PR00055 to order that he be taken into custody in accordance with the sexually violent predator laws of Missouri.

For these reasons, we find that the grounds raised in Bowen's petition for writ of habeas corpus in the Circuit Court of Greene County fail as a matter of law and that Bowen has failed to demonstrate that his restraint pursuant to the Randolph County warrant is illegal.[13] *See Jaynes,* 73 S.W.3d at 624 ("The habeas corpus petitioner has the burden of proof to show that he is entitled to habeas corpus relief"). Accordingly, we conclude that the Circuit Court of Greene County exceeded its authority in granting a writ of habeas corpus. The record of the Circuit Court of Greene County in Case No. 1431-CC00077 is quashed.[14] *See Jaynes,* 61 S.W.3d at 246 n.1.

---

[13] We need not, and do not, consider the lawfulness of Bowen's detention in connection with Randolph County Case No. 13RA-PR00055. That issue is properly before the Western District. Instead, we have considered only the lawfulness of Bowen's custody in Greene County pursuant to the Randolph County warrant.

[14] Because we find that Bowen is not entitled to discharge under the record before us, he is remanded in accordance with § 532.500 RSMo (2000), which states:

> If a prisoner be not entitled to his discharge, and be not bailed, the court before whom the proceedings are had shall remand him to the custody or place him under the restraint from which he was taken, if the person under whose custody or restraint he was, be entitled thereto; if not so entitled, then he shall be committed to the custody of such officer or person as by law is entitled thereto.