STATE of Missouri, EX REL. Joshua
D. HAWLEY, Relator,

v.

The Honorable Philip HEAGNEY,
and Thomas L. Kloeppinger,
Respondents.

No. SC 95906

Supreme Court of Missouri,
en banc.

Opinion issued May 16, 2017

Rehearing Denied August 22, 2017

The state was represented by Gregory M. Goodwin of the attorney general's office in Jefferson City, (573) 751-3321.

Fisher was represented by J. Gregory Mermelstein of the public defender's office in Columbia, (573) 777-9977.

---

1. "A person is not responsible for criminal conduct if, at the time of such conduct, as a result of mental disease or defect such person was incapable of knowing and appreciating the nature, quality, or wrongfulness of such person's conduct." Section 552.030.1. All statutory citations are to RSMo 2000.

## PER CURIAM

### Introduction

This is an original proceeding in certiorari to review the St. Louis circuit court's grant of habeas corpus relief discharging George Fisher from the custody of the Department of Mental Health ("DMH"). The St. Louis circuit court found Fisher's commitment was based on deficient pleas of not guilty by reason of mental disease or defect ("NGRI") [1] in two separate cases, one originating in Audrain County and the other in Jackson County. The record granting habeas relief regarding the Audrain County case is moot and the record granting habeas relief regarding the Jackson County case is quashed.

### Audrain County

In August 2005, Fisher was arrested in Audrain County and taken to the county jail. While in jail, Fisher was charged with one count of possession of a controlled substance in a county jail and one count of damage to jail property. Fisher's attorney filed an NGRI notice. [2] The notice contained no information about whether Fisher had any other defenses in the case and was not signed by Fisher. The notice did not appear in the Audrain County circuit court's file; however, a copy of it was located in the public defender's electronic file and the prosecutor's file. The State accepted the defense and, on May 19, 2008, the Audrain County circuit court entered an order accepting Fisher's NGRI plea and committing him to the custody of DMH.

---

2. Section 552.030.2 provides the notice procedure for an NGRI plea and states that the accused must file "a written notice of such accused's purpose to rely on such defense.... The state may accept a defense of mental disease or defect excluding responsibility, whether raised by plea or written notice, if the accused has no other defense and files a written notice to that effect."

## Jackson County

In January 2007, Fisher pleaded guilty to one count of first-degree arson after attempting to set his girlfriend's father's porch on fire. The Jackson County circuit court sentenced him to 12 years' imprisonment in the Department of Corrections. Fisher then sought post-conviction relief pursuant to Rule 24.035, alleging his guilty plea was not knowingly, intelligently, and voluntarily entered into because he was NGRI at the time of the offense. Fisher produced two mental health evaluation reports, one dated May 13, 2008, and another dated September 21, 2007, as well as certified court documents from the Audrain County case, which contained a finding that Fisher was NGRI in that case. Fisher and the State subsequently reached an agreement whereby the State agreed to concede Fisher's claim and agreed to an NGRI plea in the underlying arson case. Following this agreement, the Jackson County circuit court granted Fisher's claim for post-conviction relief and vacated his conviction. On that same day, Fisher's attorney filed an NGRI notice, which was not signed by Fisher, the State accepted the defense, and the Jackson County circuit court entered an order accepting Fisher's NGRI plea and committing him to the custody of DMH.

## Habeas Proceeding

In March 2015, Fisher filed a petition for a writ of habeas corpus in the St. Louis circuit court against Laurent Javois, the regional executive officer of the St. Louis Psychiatric Rehabilitation Center. Fisher challenged his commitment, alleging, among other things, that the NGRI pleas entered in both cases were deficient.

After briefing and a hearing, on February 2, 2016, the St. Louis circuit court entered an order granting Fisher habeas relief. The St. Louis circuit court found no NGRI notice was filed in Audrain County because no notice appeared in the Audrain County circuit court's file and, alternatively, even if a notice was filed, it was deficient because it was not signed by Fisher and it did not contain the "no other defenses" language. The St. Louis circuit court also found the NGRI notice filed in Jackson County was deficient because it was not signed by Fisher. The State filed a petition for a writ of certiorari and, after opinion by the court of appeals, this Court transferred the case pursuant to article V, section 10 of the Missouri Constitution.

## Post-Oral Argument Developments

■ This Court heard argument January 18, 2017. While the case was under advisement, the St. Louis circuit court entered an order directing the sheriff of Audrain County to transport Fisher from Fulton State Hospital to the Audrain County jail so the Audrain County prosecutor could make a determination about whether to retry Fisher for the Audrain County offenses.[3] During an exchange of e-mails, the prosecutor assigned to Fisher's case in Audrain County notified the bailiff in charge of Fisher's transportation that he filed a *nolle prosequi*[4] in the underlying criminal case, rendering the transportation order pointless. The prosecutor explained to the bailiff that Fisher's "[c]ase is too

---

3. It is unclear why Fisher had to be transported in the first place given that the prosecutor did not need Fisher present while he makes a determination of whether to pursue charges against him.

4. A *"nolle prosequi* is a prosecutor's formal entry on the record indicating that he or she will no longer prosecute a pending criminal charge." *State v. Sisco*, 458 S.W.3d 304, 310 (Mo. banc 2015) (internal quotation marks omitted).

old, with too many unavailable witnesses," and the bailiff communicated this information to the St. Louis circuit court.

The State, however, filed an emergency motion requesting this Court stay execution of the transportation order because the case was under advisement before this Court.[5] This Court overruled the State's motion as moot.

## Standard of Review

A lower court's grant of habeas relief is reviewed by a writ of certiorari. *State ex rel. Nixon v. Sprick*, 59 S.W.3d 515, 518 (Mo. banc 2001). When the State seeks a writ of certiorari, it is issued as a matter of course and right. *See, e.g., State ex rel. Nixon v. Kelly*, 58 S.W.3d 513, 516 (Mo. banc 2001). "This Court reviews questions of law that appear on the face of the record." *State ex rel. Nixon v. Jaynes*, 61 S.W.3d 243, 245 (Mo. banc 2001). This Court's review is limited to determining whether the lower court acted beyond its authority in granting habeas relief, based solely on a review of the record. *Id.* "In certiorari, this Court is limited to either quashing or not quashing the record of the lower court." *Id.* at 246 n.1.

## Analysis

While the State raises several arguments in favor of quashing the St. Louis circuit court's record in both the Audrain County case and the Jackson County case, none of its arguments pertaining to the Audrain County case need to be addressed here, and only one of its arguments pertaining to the Jackson County case is dispositive to the resolution of this case.

**5.** Exhibits filed alongside the State's motion suggest Fisher remains at Fulton State Hospi-

## The Audrain County Case is Moot

With regard to the Audrain County case, this Court's review of that matter is now moot given the factual developments that occurred after oral argument. This Court may *sua sponte* examine a case for mootness because "[m]ootness implicates the justiciability of a controversy." *Mo. Mun. League v. State*, 465 S.W.3d 904, 906 (Mo. banc 2015) (internal quotation marks omitted). A case is moot "when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Id.* (internal quotation marks omitted). Moreover, "[w]hen an event occurs which renders a decision unnecessary," the case will be dismissed. *Id.* (internal quotation marks omitted). Despite this Court's limited review in certiorari to matters that appear in the record, *Jaynes*, 61 S.W.3d at 245, "[i]n deciding whether a case is moot, an appellate court is allowed to consider matters outside the record" because it involves "an intervenient event which so alters the position of the parties that any judgment rendered [merely becomes] a hypothetical opinion," *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001) (per curiam) (internal quotation marks omitted).

Given the prosecutor's *nolle prosequi* filing in the underlying criminal case and his explanation to the bailiff that Fisher's "[c]ase is too old, with too many unavailable witnesses," Fisher no longer faces prosecution in the underlying criminal case arising out of his actions at the Audrain County jail. Therefore, the St. Louis circuit court's record granting habeas relief in the Audrain County case is moot.

tal.

## Section 552.030.2 Does Not Require a Signature

 With regard to the Jackson County case, the State argues the record should be quashed because the St. Louis circuit court abused its discretion by granting relief on the theory that Fisher failed to sign the NGRI notice.

 Section 552.030.2 gives the notice procedure for an NGRI plea and provides that the accused must file "a written notice of such accused's purpose to rely on such defense.... The state may accept a defense of mental disease or defect excluding responsibility, whether raised by plea or written notice, if the accused has no other defense and files a written notice to that effect." "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009). This Court "cannot add statutory language where it does not exist." *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 792 (Mo. banc 2016) (internal quotation marks omitted).

Nothing in section 552:030.2 requires a criminal defendant to sign the NGRI notice in order for it to be valid. The St. Louis circuit court erroneously read this requirement into section 552.030.2. Therefore, the record in the Jackson County case is quashed.

### Conclusion

The circuit court's record granting habeas relief regarding the Audrain County case is moot and the record granting habeas relief regarding the Jackson County case is quashed.

Breckenridge, C.J., Stith, Draper, Wilson and Russell, JJ., concur;

Fischer, J., concurs in separate opinion filed;

Wilson and Russell, JJ., concur in opinion of Fischer, J. Powell, J., not participating.

Zel M. Fischer, Judge, concurring.

I concur with the result reached in the per curiam opinion but write separately because, before even considering whether habeas relief was warranted, the circuit court should not have issued the writ in the first place due to procedural defects.[1] In March 2015, Fisher was being held at the St. Louis Psychiatric Rehabilitation Center. Accordingly, when he filed his habeas petition at that time, he filed it in the St. Louis circuit court and named Laurent Javois, the regional executive director of the St. Louis Psychiatric Rehabilitation Center, as respondent. However, Fisher was then transferred to the Fulton State Hospital in May 2015, where he remains.[2] Therefore, at the time the St. Louis circuit court issued the habeas writ in September 2015 and at the time it entered its order granting Fisher habeas relief in February 2016, Laurent Javois, the sole respondent in Fisher's habeas petition, no longer had custody over Fisher, and Fisher was no longer being confined at the St. Louis facility, which lies within the jurisdiction of the St. Louis circuit court. Nothing in the record indicates that Javois is the one

---

1. Issuing a habeas writ is not synonymous with granting habeas relief. A circuit court must issue the writ before it may grant habeas relief, but it does not follow that it must grant habeas relief after issuing the writ. *See generally* Rule 91.

2. A motion for stay along with exhibits filed by the State on February 10, 2017, which was subsequently overruled by this Court as moot on April 4, 2017, confirms as much.

confining Fisher at Fulton State Hospital, and the hospital certainly does not lie within the jurisdiction of the St. Louis circuit court, but rather lies within the jurisdiction of the Callaway County circuit court. Despite repeatedly amending his habeas petition before and after his transfer from St. Louis to Fulton, Fisher's petition failed to reflect which Department of Mental Health official was confining him in Fulton. *See* Rule 91.04.

"A habeas corpus proceeding shall be a civil action in which the person seeking relief is petitioner and the **person against whom such relief is sought is respondent.**" Rule 91.01(c) (emphasis added). Furthermore, following his transfer to Fulton, Fisher should have filed his habeas petition in Callaway County. Rule 91.02(a) ("[T]he petition in the first instance shall be to a circuit or associate circuit judge for **the county in which the person is held in custody** if at the time of the petition such judge is in the county[.]") (emphasis added). These are procedural defects "that appear on the face of the record," *State ex rel. Nixon v. Jaynes*, 61 S.W.3d 243, 245 (Mo. banc 2001), and should have been obvious to the St. Louis circuit court. The St. Louis circuit court "acted beyond [its authority] in issuing a writ of habeas corpus based solely on a review of the record." *Id.*