STATE of Missouri, EX REL., Joshua D. HAWLEY, Relator,

v.

The Honorable Peggy D. RICHARDSON, Circuit Judge of Moniteau County, and Michelle Higgins, Circuit Clerk, Moniteau County Circuit Court, Respondents.

State of Missouri, ex rel., Joshua Hawley, Relator,

v.

The Honorable Peggy D. Richardson, Circuit Judge of Moniteau County, and Michelle Higgins, Circuit Clerk, Moniteau County Circuit Court, Respondents.

WD 80359, WD 80360

Missouri Court of Appeals, Western District.

Filed: November 21, 2017

---

Patrick Logan, for Relator.

Jessica Hathaway, for Respondents.

Before Writ Division: Edward R. Ardini, Jr., Presiding Judge, Alok Ahuja, Judge and Gary D. Witt, Judge

## EDWARD R. ARDINI, JR., PRESIDING JUDGE

These two cases are original proceedings in certiorari to review the grant of a writ of habeas corpus to habeas petitioners David Kohenskey (WD80359) and John R. Thomure (WD80360) by the Circuit Court of Moniteau County ("habeas court").[1] Because the writs of habeas corpus in each case must be quashed for the identical reason, we issue this single opinion addressing both proceedings.

### Factual and Procedural History

In both of these cases, the habeas petitioner pleaded guilty to the class C felony of stealing and was sentenced accordingly. At the time, stealing was generally classified as a class A misdemeanor but the habeas petitioners' offenses were charged as a class C felony because each involved property valued at more than $500, which was understood to subject the offense to enhancement under § 570.030.3(1).[2]

In *State v. Bazell*, the Missouri Supreme Court held that the offense of stealing pursuant to section 570.030.1, a class A

---

1. At the time of the filing of the Petitions for a Writ of Habeas Corpus, both habeas petitioners were confined in Moniteau County, Missouri.

2. All statutory citations are to the Revised Statutes of Missouri 2000 as supplemented until December 31, 2016. The statutes analyzed in *Bazell* were amended by the General Assembly effective January 1, 2017, and no longer contain the language at issue in *Bazell*.

misdemeanor, could not be enhanced to a class C felony pursuant to section 570.030.3 because the value of the property is not an "element" of the offense. 497 S.W.3d 263, 266-67 (Mo. banc 2016). Following this decision, the habeas petitioners filed Petitions for Writ of Habeas Corpus challenging their judgments and sentences. Relying on *Reed v. Ross*, the habeas petitioners argued that they had cause for their earlier failure to raise the claim that the value of the property is not an "element" of the offense because the claim was novel in that it had not been raised since section 570.030.3 was last amended and was raised *sua sponte* by the Court in *Bazell. See* 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) (holding "that where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures"). The habeas court conditionally granted the Petitions for a Writ of Habeas Corpus and ordered that the habeas petitioners be discharged from confinement unless they were resentenced by the original sentencing courts.

■ On January 6, 2017, Relator, the Attorney General of Missouri, petitioned this court for writs of certiorari to review and quash the records of the habeas court granting the writs. On January 9, 2017, this Court granted the writs of certiorari,[3] and directed the Circuit Clerk of Moniteau County to file certified records of each habeas proceeding. On April 12, 2017, this Court stayed further proceedings in the instant matters pending determination by the Missouri Supreme Court of whether

the holding in *Bazell* should be applied retroactively.[4]

## Standard of Review

■ "Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint ..." Rule 91.01(b). "Habeas corpus proceedings are limited to determining the facial validity of confinement[.]" *State ex rel. Fleming v. Missouri Bd. of Prob. & Parole*, 515 S.W.3d 224, 229 (Mo. banc 2017) (citation omitted). If the "person is restrained of his or her liberty in violation of the constitution or laws of the state or federal government[,]" then a writ of habeas corpus may be issued. *Id.* (citation omitted).

■ "A writ of certiorari is the proper means to review a writ of habeas corpus." *State ex rel. Nixon v. Jaynes*, 61 S.W.3d 243, 245 (Mo. banc 2001) (citation omitted). The appellate court "examine[s] the record, as supplemented, and determine[s] whether the habeas court acted within the bounds of its jurisdiction" and then either quashes the writ of habeas corpus or upholds the record of the lower court accordingly. *State ex rel. Nixon v. Sprick*, 59 S.W.3d 515, 518 (Mo. banc 2001) (citation omitted); *Jaynes*, 61 S.W.3d at 246 n. 1 (citation omitted).

## Analysis

■ Relevant to our decision, the Attorney General's Petition for Writ of Certiorari contends that the habeas court exceeded its authority or abused its discretion in issuing the writs of habeas corpus because *Bazell* cannot be applied

---

**3.** "When the Attorney General seeks a writ of certiorari, the writ issues as a matter of course and of right." *State ex rel. Nixon v. Kelly*, 58 S.W.3d 513, 516 (Mo. banc 2001) (citation omitted).

**4.** *State ex rel. Windeknecht v. Mesmer*, SC96159; *State ex rel. Holman v. Sachse*, SC 96160; *State ex rel. Robinson v. Mesmer*, SC 96165; and *State ex rel. Adams v. Mesmer*, SC 96187.

retroactively in a habeas corpus proceeding to cases that have completed direct review.[5] The Missouri Supreme Court has held that it was "not constitutionally compelled to make retroactive a different interpretation of a state statute" and "order[ed] [that] the *Bazell* holding only applies forward, except those cases pending on direct appeal." *State ex rel. Windeknecht v. Mesmer*, SC 96159, SC 96160, SC 96165, SC 96187, 530 S.W.3d 500, 503, 2017 WL 4479200, at *3 (Mo. banc Oct. 5, 2017) (citation omitted). The Court further noted that the habeas petitioners had "received a sentence that was authorized by a different interpretation of section 570.030 without objection and should not receive the benefit of retroactive application of this Court's decision in *Bazell*." *Id.*

In light of the Missouri Supreme Court's decision in *Windeknecht*, we dissolve the stay of proceedings previously entered in these cases. Under *Windeknecht*, the habeas petitioners are not entitled to relief based on the *Bazell* decision, and the habeas court abused its discretion in granting relief. Accordingly, we quash the writs of habeas corpus granted in each case.

Witt, J. concurs

Ahuja, J. concurs

**5.** The Attorney General also contended that *Bazell* does not apply to convictions for stealing property or services valued over $500 (which was not the provision of section 570.030.3 at issue in *Bazell*). This argument fails because the Supreme Court has held that "*Bazell*'s analysis ... does not depend on which particular enhancement provision is at issue ... [and] draws no distinction among the numerous subcategories enumerated within section 570.030.3." *State v. Smith*, 522 S.W.3d 221, 230 (Mo. banc 2017) (citation omitted). Thus, the holding in *Bazell* that stealing offenses could not be enhanced to a felony under section 570.030.3 includes stealing offenses enhanced because the value of the property or services was valued at over $500.