WILLIAM W. FRANCIS, JR., P.J.
Linda Fry, Trustee of the John Delbert Fry Revocable Intervivos Trust U/A/D March 18, 2008; Linda Fry, individually; Delbert Fry; and Fry Grain Enterprises, Inc., (collectively "Counterclaim Plaintiffs") appeal from the trial court's grant of partial summary judgment in favor of Beverly J. Figg ("Figg"). Counterclaim Plaintiffs assert the trial court erred in granting partial summary judgment in favor of Figg. Finding this appeal is moot, we dismiss.
Facts and Procedural History
Vincil and Willa Fry jointly owned a 160-acre home place and an adjacent 200 acres. They had three children: Arthur Fry, Mary Ellison, and J.D. Fry. Arthur had two children: Susan Sleeper and David Fry. J.D., his wife Linda, and their son Delbert, did business together as Fry Grain.[3]
In 1981, Vincil and Willa purportedly made a joint will bequeathing the home place to J.D.; the 200 acres to Susan and David, subject to a life estate in Arthur; a third tract and cash to Mary; and remaining assets divided equally among Mary, Arthur, and J.D.
In June 1990, at age 82, Vincil caused a crash injuring the occupants of another vehicle. Although fully insured, he and Willa feared they would lose their farm as a result. On June 28, 1990, Vincil and Willa *702 executed new wills settling a trust to benefit Arthur, Susan, and David; and deeded one farm to J.D., and the other to Delbert, reserving life estates for themselves. Later, they made separate provision for Mary. Vincil passed away in 2000. After Willa died in November 2005, her assets were divided between her children. No probate estates were opened.
On April 11, 2008, Mary filed a petition for damages to set aside the 1990 farm conveyances to J.D. and Delbert, alleging undue influence, coercion and deception by J.D.; alleged breach of fiduciary duty, fraud, conversion, and unjust enrichment for J.D.'s alleged misdealing with their parents' money and personal property; and conversion against Fry Grain. Arthur did not join in the petition. Instead, he allegedly entered into a settlement and release for his potential claims against J.D. Six months after the initiation of Mary's suit, J.D. died. Linda was substituted as Trustee of J.D.'s trust.
In August 2010, Mary filed her second amended petition for damages, and in October 2011, Arthur, Susan, and David intervened and joined Mary in filing a third amended petition.
On November 28, 2011, Counterclaim Plaintiffs filed an answer to the third amended petition, and asserted counterclaims against Mary, Arthur, David and Susan (collectively "Counterclaim Defendants") for malicious prosecution, intentional infliction of emotional distress, and the wrongful death of J.D.
On December 9, 2011, the trial court ordered any counterclaims severed for trial, and "all proceedings and discovery be held in abeyance as premature until resolution of the underlying action herein."
A jury trial was held in April 2012, on Mary's original cause of action. Upon motion by the defendants, at the close of plaintiffs' evidence, the trial court dismissed Arthur's claim based on his release, dismissed the claims against Delbert based on a lack of sufficient evidence, and dismissed the conversion claim against Fry Grain. As to the remaining claims, the jury found for David and Susan, against Linda as trustee, for unjust enrichment, awarding each $5,500; and for Mary, against Linda as trustee, for unjust enrichment, breach of fiduciary duty, fraudulent concealment, and conversion, and awarded Mary $35,000. The trial court entered judgment consistent with the verdicts.
Cross appeals were filed. On transfer, our Supreme Court reversed the judgment and remanded the case to the trial court for entry of judgment for Fry. Ellison v. Fry , 437 S.W.3d 762 (Mo. banc 2014). The Supreme Court found that Susan and David's claims, based on the 1990 wills and deeds, were barred by the statute of limitations. It identified a line of cases with contrary statements of the law, and abrogated them. The Supreme Court also found that because the trial court improperly substituted Linda as trustee for J.D., Mary, Susan, and David's causes of action against J.D. did not survive, pursuant to section 537.021.1(2). On April 8, 2015, the trial court entered its judgment in favor of Fry.
On March 7, 2016, Counterclaim Plaintiffs filed a "Second Amended Petition Against Defendant Beverly J. Figg and Counterclaims Against Counterclaim Defendants for Malicious Prosecution," including a Count IV against Figg, the attorney for Counterclaim Defendants.
In Count IV, Counterclaim Plaintiffs asserted that Figg filed pleadings, on behalf of Counterclaim Defendants, which were made for the "improper motive of harassing Counterclaim Plaintiffs," the "allegations contained [in the pleadings] lacked an evidentiary basis after a reasonable opportunity *703 for investigation and discovery[,]" and as a direct and proximate result of Figg's "malicious and/or vexatious commencement and/or continuation of the civil action against Counterclaim Plaintiffs," Counterclaim Plaintiffs suffered financial, as well as severe emotional and mental distress.
On March 17, 2016, Figg filed a "Motion for Judgment on the Pleadings as to Count IV of Counterclaim Plaintiffs' Second Amended Petition," and a "Memorandum in Support of her Motion for Judgment on the Pleadings as to Count IV of Counterclaim Plaintiffs' Second Amended Petition." Thereafter, Counterclaim Plaintiffs filed their suggestions in opposition to Figg's motion.
On April 21, 2016, after a hearing on Figg's motion, the trial court entered its order notifying the parties that because the parties had briefed and argued matters outside the pleadings, it was the trial court's intent to treat Figg's motion as a partial summary judgment motion, pursuant to Rule 74.04.[4] Additional motions and responses were filed by the parties, and on January 27, 2017, the trial court entered "Partial Summary Judgment" in favor of Figg. On February 14, 2018, Counterclaim Plaintiffs filed a "Notice of Voluntary Dismissal Without Prejudice as to all Counterclaim Defendants." This appeal followed on February 23, 2018.
Appeal is Moot
As our Supreme Court has indicated, an appellate court
may sua sponte examine a case for mootness because mootness implicates the justiciability of a controversy. A case is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. Moreover, when an event occurs which renders a decision unnecessary, the case will be dismissed. Despite this Court's limited review ... to matters that appear in the record, in deciding whether a case is moot, an appellate court is allowed to consider matters outside the record because it involves an intervenient event which so alters the position of the parties that any judgment rendered merely becomes a hypothetical opinion[.]
State ex rel. Hawley v. Heagney , 523 S.W.3d 447, 450 (Mo. banc 2017) (internal quotations and citations omitted). "This is true even if the case was not moot at its inception." In the Matter of Missouri-American Water Company , 516 S.W.3d 823, 828 (Mo. banc 2017).[5]
The trial court's January 27, 2017 summary judgment, from which Counterclaim Plaintiffs purport to appeal, disposed of all the claims brought by Counterclaim Plaintiffs as to Figg. On February 14, 2018, Counterclaim Plaintiffs filed a "Notice of Voluntary Dismissal Without Prejudice as to all Counterclaim Defendants," wherein Counterclaim Plaintiffs stated that they were "dismiss[ing] their Petition against Beverly Figg, and Counter-Petition as to all Counterclaim Defendants, without prejudice[.]" See Rule 67.02(a) (authorizing a claimant to dismiss its claim *704 "without order of the court [at] anytime[,]" subject to exceptions inapplicable here); Rule 67.04 (indicating, in relevant part, that the provisions of Rule 67.02 "apply to the dismissal of any counterclaim."). The record reveals no objection from Figg (or any other Counterclaim Defendant) to the voluntary dismissal below. Because there is no live controversy before this Court, Counterclaim Plaintiffs' appeal is moot. See Heagney , 523 S.W.3d at 450. Appeal dismissed.
JEFFREY W. BATES, J. - CONCURS
MARY W. SHEFFIELD, J. - CONCURS

Because a portion of the involved parties share the same surname, for clarity, we refer to those parties by their first names. We intend no excessive familiarity or disrespect.

All rule references are to Missouri Court Rules (2018).

Of course, the public interest exception to this doctrine provides that a reviewing court may consider a case presenting "an issue that (1) is of general public interest and importance, (2) will recur and (3) will evade appellate review in future live controversies." Missouri-American Water Company , 516 S.W.3d at 829 (internal quotation and citation omitted). This exception is inapplicable to the instant appeal.