

# Missouri Court of Appeals

## Southern District

### Division One

YAM CAPITAL III, LLC, )
)
Respondent, )
)
vs. ) No. SD36656
)
GS HOSPITALITY, LLC, ) FILED: October 26, 2020
)
Appellant. )

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Jeffrey M. Merrell, Judge

## APPEAL DISMISSED

(*Before Rahmeyer, P.J., Scott, J., and Francis, J.*)

PER CURIAM.  The trial court appointed a receiver in proceedings between YAM Capital and GS Hospitality.  GS moved to revoke or modify that order.  The court refused.  GS appeals.  Our disposition allows us to be brief.

### Background

GS defaulted on a $7.7 million note to YAM secured by GS's motel property in Hollister ("Collateral").  GS obtained bankruptcy protection for a time, but the bankruptcy court finally allowed YAM to proceed.  YAM then sought and procured the subject order appointing a limited receiver with respect to the Collateral.  GS moved to revoke or modify that order, but the trial court refused.  GS now appeals that refusal.  *See* §§ 512.020(2) & 515.665 RSMo (2016).

**Discussion**

Our narrow issue is whether the trial court erred in refusing to revoke or modify its interlocutory order appointing a receiver (*see* § 512.020(2)), or as GS puts it: "Should the trial court have revoked the Receivership Order?" Yet we cannot grant the relief GS now seeks — that we "set aside, revoke and terminate" the receivership order – because the receiver's final report and account have been filed and approved and he has been discharged by the trial court.

"A case is moot 'when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.'" ***State ex rel. Hawley v. Heagney***, 523 S.W.3d 447, 450 (Mo. banc 2017)(quoting ***Mo. Mun. League v. State***, 465 S.W.3d 904, 906 (Mo. banc 2015)). Mootness implicates justiciability and is a threshold issue to appellate review. ***Mo. Mun. League,*** 465 S.W.3d at 906. "'When an event occurs which renders a decision unnecessary, the appeal will be dismissed.'" ***Humane Soc'y of United States v. State***, 405 S.W.3d 532, 535 (Mo. banc 2013)(quoting ***C.C. Dillon Co. v. City of Eureka***, 12 S.W.3d 322, 325 (Mo. banc 2000)).[1]

An opinion as to error, if any, in the receiver's appointment would be hypothetical and have no practical effect going forward. This appeal is moot.[2]

**Conclusion**

We dismiss this appeal as moot. We express no view as to the merits, if any, of the proceeding below.

---

[1] *See also* ***Gieselmann v. Stegeman***, 443 S.W.2d 127, 138 (Mo. 1969)("By reason of the fact that Bardos no longer holds the office of receiver questions concerning his qualifications to act as such and of the regularity of his appointment are moot"); ***State ex rel. Fischer v. Thomas***, 155 S.W. 401, 402 (Mo. banc 1913)("We do not sit as a moot court to determine speculative questions for the benefit of some other case in judgment at some other time. ... The receivership suit is dead, and henceforth is of no use (except to point a moral)").

[2] Neither of two narrow exceptions to the mootness doctrine apply. *See* ***State ex rel. Peters-Baker v. Round***, 561 S.W.3d 380, 384-85 (Mo. banc 2018)(appellate court has discretion to decide moot appeal that became so after submission and argument or if a recurring issue of general public interest and importance will otherwise evade review).